## Freedman et al. *v.* West Hazleton Borough, Appellant.

Argued April 15, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Adrian H. Jones,* for appellant.—The open trench running through woodland carrying in rain waters during heavy storms an imperceptible amount of sanitary sewage does not constitute a nuisance which a court of equity will abate: Vandivort v. Hunter, 265 Pa. 585; New Castle v. Raney, 130 Pa. 546; Mirkil v. Morgan, 134 Pa. 144; Mowday v. Moore, 133 Pa. 598.

*G. J. Clark,* for appellee, filed no printed brief.

OPINION BY MR. JUSTICE FRAZER, May 13, 1929:

Plaintiffs by their bill seek to enjoin defendant, the Borough of West Hazleton, from discharging sewage from the municipality's sewer system at the intersection of Allen and Washington Streets, into an open surface ditch, causing it to flow upon and over plotted building lots owned by plaintiffs. The bill alleges the sewage, so discharged, constitutes an objectionable and offensive nuisance on their property, a menace to the health of persons who may occupy the lots, and prevents development and use of the land for residence purposes; that at times of rain and melting snow, and at other times, the existing sewer system is inadequate; that defendant has failed to make provision for the proper discharge of the sewage, and that notwithstanding notice to defend-

ant borough, it continues to allow filth and sewage to flow upon plaintiffs' premises. The answer of defendant does not deny the overflow upon appellees' property, but claims a new device placed in the sewer at the intersection of Allen and Washington Streets has removed the nuisance, and further that the borough has a prescriptive right to the use of the surface ditch as the means of carrying away the flow from its sewer system. A final decree, granting plaintiffs the relief prayed for was entered by the court below, and from this decree defendant appeals.

The learned chancellor sustained all plaintiffs' material claims as set forth in their bill, and dismissed all exceptions, after consideration, filed by appellant to his findings of fact and conclusions of law. The assignments of error are directed against the dismissal of the exceptions and the final decree of the court; as these exceptions cover practically the entire ground of the controversy, our consideration of the testimony will dispose of them as we proceed; consequently we need give attention only to the evidence since if there is sufficient proof to support the findings of the court below, we must give to them the same significance and weight given to the verdict of a jury: Cain v. Aspinwall-Delafield Co., 289 Pa. 535. Our review of the record satisfies us that the evidence was fully sufficient to sustain the decree.

Clearly the evidence establishes that a material portion of the land owned by plaintiffs has been and is from time to time overflowed by sewage, drained into appellant's sewer system from at least 300 dwellings and from the surface drainage of the slopes, or watershed, comprising an extensive part of both defendant borough and the adjoining City of Hazleton; that this flow is discharged from the main conduit, owned and operated by defendant, into a ditch of varying depth, extending for practically 3,000 feet upon and over plaintiffs' land, to a stream known as Black Creek. The evidence is also

conclusive that whether there is a considerable flow through the sewer, due to rain or melting snow, or whether during the dry season only the usual flow of house sewage pours from the sewer into the ditch, the polluted fluid continually spreads, at various points along the trench, over the land of appellees and causes the emission of foul, offensive and unhealthful odors, which, as witnesses for plaintiffs testified, create great inconvenience and unhealthy conditions to families living along the ditch within the limits of defendant borough.

In addition to these facts, established by the evidence and found by the chancellor, it was proved that the sewer system, at the point where the sewage enters into the ditch, within the borough lines, is wholly inadequate and insufficient to prevent the discharge of the polluted waters upon plaintiffs' property. Defendant borough installed, but failed to operate, a device known as a "leaping weir," which consists of a metal dam, two inches in height, placed within the main sewer pipe at Allen and Washington Streets, with slots at the bottom of the pipe, designed to back-up the flow and allow it to fall through the slots into a smaller pipe located below, which pipe, branching off in a different direction, is intended to divert the flow of sewage from being emptied from the main pipe into the ditch. This appliance, however, as the borough engineer testified, was not put into actual operation and apparently was not even completed. The obvious result followed. Sewage continued to flow into the trench, with the usual resultant overflow and offensive odors, irrespective of the amount of sewage discharged from the outlet at Allen and Washington streets. Whether this attempted improvement is now or will be in the future, as appellant's counsel claim in their brief of argument, successful in preventing and removing the nuisance is not shown by satisfactory evidence, and the learned chancellor found as a fact that the nuisance still prevails. One of plaintiffs

testified to the existence of "awful odors there at all times," and that he saw sewage being discharged on his property on the day before testifying at the trial. The borough engineer in his testimony relating to the results expected to be reached by the installation and operation of the leaping weir placed within the main sewer pipe, said the device when in operation would prevent the flow of sewage into the ditch during dry weather in the absence of surface drainage to carry the sewage over the weir into the trench. He was, however, positive in his reiterated declarations that in time of rains the amount of surface drainage from the slopes or watershed, combined with the actual refuse from dwellings, of which 300 families regularly send their sewage pollution into the main pipe along Allen Street, is so large that the flow will continue to pass over the weir and be discharged into the ditch carrying and spreading filth upon the land of plaintiffs.

Amply sustained by the proofs, the chancellor squarely finds as a matter of fact that the discharge from the Allen Street sewer, is emptied into the ditch and by force of gravity sewage flows through it and spreads upon the land of plaintiffs, that the refuse so discharged contains offensive odors, and is consequently prejudicial and a detriment to the sale of plaintiffs' lots which are suitable and available for residential purposes; and he finds as a conclusion of law, that this condition constitutes a public and continuing nuisance and is an irreparable damage and injury to the land of plaintiffs.

The facts in this case and the law applicable to them fully support the findings and final decree of the court below. In Good v. Altoona, 162 Pa. 493, it was held in an action for damages that plaintiff was entitled to recover where the contents from sewers constructed by the municipality flowed into a stream passing through his farm, polluted the waters and springs adjacent and left deposits of filth upon the fields. To the same effect are Owens v. Lancaster, 182 Pa. 257; Torrey v. Scranton

City, 133 Pa. 173; Haus v. Bethlehem, 134 Pa. 12.

The fact that the defendant borough made a practically useless attempt to remedy the evil by means of the leaping weir is of no avail to it. The record is barren of proof that it operated successfully and certainly or that beneficial and remedial results were attained, so far as the evidence discloses. We find no evidence of cessation of the flow of sewage upon plaintiffs' land. The principle set forth in Joyce's Law on Nuisances, Section 285 bears upon this point: "It is not a defense or excuse to show that such sewer or drain was constructed of the best material and the work performed in the most skilful manner, and that the plan was on the most approved model. In performing such duties a city is required to construct such improvement in a manner as to avoid injury to individual property"; and, as stated in Gould on Waters, Section 262, "a corporation is liable if, without authority of law, it collects surface or other waters in a public sewer or drain and empties them upon the land of an individual to his injury, either immediately or by force of gravity"; and further in Section 546, supra, "if any nuisance of this kind is shown, though causing inconsiderable damages, equity will enjoin its continuance.......The inconvenience is one of the public's own creation, and should be borne by it rather than the individual."

The claim of defendant borough that it has a prescriptive right to the use of the ditch over appellees' land for the discharge of its sewer overflow has neither force nor application here. Although the ditch has been openly used for that purpose since 1902, that fact constitutes no defense to a proceeding by an individual for the removal of an unlawful nuisance which developed in later years from such use; and moreover, as has long been held in this and other jurisdictions, the right to maintain a public nuisance cannot be acquired by prescription. Nor where the public nuisance works private injury can prescriptive right be urged against a private

action for such injury: 16 Am. & Eng. Ency. of Law 995; and, as declared in Joyce's Law on Nuisances section 50, "no period of use and occupancy, however extended or uninterrupted, or under whatever claim or right, will protect a public nuisance from abatement by the public authorities or defeat the preventive remedy of injunction to restrain its perpetration.......So where the use of a stream constitutes a public nuisance, no right of prescription to continue such use can be acquired as against an individual who has sustained a special injury as the result of such use." We have supported this doctrine in various decisions: Blizzard v. Danville Bor., 175 Pa. 479; Owens v. Lancaster, 182 Pa. 257; Jessup v. Loucks, 55 Pa. 361.

The assignments of error are overruled and the decree of the court below is affirmed at the cost of appellant.