Weldon E. Delp and Virginia M. Delp, Appellants
*v.* The Borough of Harrisville, Appellee.

Argued May 6, 1976, before President Judge Bowman and Judges Mencer and Rogers, sitting as a panel of three.

*Gary L. Farren,* for appellants.

*James A. Taylor,* with him *Murrin & Murrin,* for appellee.

OPINION BY JUDGE ROGERS, July 27, 1976:

This is an appeal from the final decree of the lower court refusing to grant permanent injunctive relief to landowners who sought to prevent a borough from proceeding with construction of a storm sewer system. We affirm.

Weldon E. and Virginia M. Delp (Delps) purchased a seventy-six acre tract of land in Harrisville, Pennsylvania, in 1956 which they use for the breeding and raising of rhododendron plants. The property is located a short distance south of a street in Harrisville under which the borough began in 1974 to construct a sewer drainage pipe. The effect of the finished construction would be to discharge water south of the street which would ultimately infiltrate a spring-fed pond constructed by the Delps on their property for use in irrigating their plants during drought seasons.

The Delps, upon learning of the construction, applied for and were granted a preliminary injunction to halt the construction. At subsequent hearings, testimony was presented by both sides which conflicted in several material matters, especially with regard to the nature and quality of the discharging water, the existence for many years of another pipe under the roadway having the same function as the new construction, the expected volume and velocity of the discharge after the completion of the new construction, the possible effect of the discharge upon the landowners' pond, whether the discharge was into a natural stream bed or artificial ditch, and whether the borough had a right to clear vegetation out of the drainage bed.

Pertinent findings by chancellor are:

"17. The storm sewer was designed to get the water back into the course where it has always flowed.

"18. Ninety-five percent of the water flowing in the ditch was surface water from the north side of Route 58.

"19. This water formerly went through the twelve inch pipe under Route 58. The land between the storm sewer project and plaintiffs' land is very flat so there will be a modulating or levelling off of any water peaks due to natural storage by spreading this water over a wide flat area.

"20. There will be very little difference in flow over plaintiffs' land than there was before the storm sewer project because of the flow of the previous twelve inch pipe which has been there for over twenty-five years.

. . . .

"24. The stream which carries the run-off from the storm sewer system and goes onto plaintiffs' land has been there for over sixty years."

The chancellor's findings were adopted by the court en banc after argument on the Delps' exceptions.

Our scope of review of a final decree in equity is limited.

"Generally, findings of fact by the chancellor will not be disturbed unless they are unsupported by the evidence or demonstrably capricious. (Citations omitted.) In reviewing the findings of the hearing judge, the test is not whether we would have reached the same result on the evidence presented, but rather whether, on due consideration of the evidence, a judge could reasonably have reached the chancellor's conclusion." *Harrisburg School District v. Pennsylvania Interscholastic Athletic Association,* 453 Pa. 495, 499, 309 A.2d 353, 355-56 (1973).[1]

The chancellor's findings have substantial support from the testimony presented by the borough and we are unable, after thoroughly reviewing the record, to

---

[1] *Chatham Communications, Inc. v. General Press Corp.,*      Pa. , 344 A.2d 837 (1975), and *Yuhas v. Schmidt,* 434 Pa. 447, 258 A.2d 616 (1969).

say that a judge might not have reached the chancellor's conclusion.

The Delps point to several cases supporting their theory of recovery, notably *Rau v. Wilden Acres, Inc.,* 376 Pa. 493, 103 A.2d 422 (1954), and *Freedman v. West Hazleton Borough,* 297 Pa. 58, 146 A. 564 (1929). It appears from those cases that an injunction may lie to prevent the discharge of collected or contaminated water onto adjoining land, but in all of the cases cited by the Delps,[2] the finders of fact had found favorably to the plaintiffs. In the instant case the lower court found no factual basis for relief and its order must be affirmed.

Order affirmed.

------

[2] *Wanamaker v. Benzon,* 63 Pa. Superior Ct. 401 (1916) ; *Good v. Altoona City,* 162 Pa. 493, 29 A. 741 (1894) ; *Weir v. Plymouth Borough,* 148 Pa. 566, 24 A. 94 (1892).