Frank J. Merlino, Appellant *v.* Plains Township, Appellee.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Hugh J. O'Connell,* with him *Silverblatt & Townend,* for appellant.

*Joseph C. Giebus,* for appellee.

OPINION BY JUDGE CRAIG, September 7, 1979:

Developer Frank J. Merlino has appealed from an equity decision of the Court of Common Pleas of Luzerne County commanding specific performance of his agreement with Plains Township to provide proper

drainage in the vicinity of Birch Street, Hudson Gardens Plan, Plains Township.

The township had instituted an earlier equity action against the developer in connection with the development of the plan. To obtain the release of certain lots from the lis pendens effect of the litigation, developer executed an agreement dated August 11, 1975 with the township, in which the developer agreed to "provide proper drainage" in the rear of designated lots in the plan, a location in which a substantial storm drainage problem has existed.

In addition to his findings containing the above facts concerning the agreement, the chancellor found that:

1. The township tried to alter the agreement unilaterally, after its execution, by typing in an additional sentence to the effect that the storm drainage system must be "approved by the township engineer," but the developer never agreed to that amendment.

2. The developer failed to provide proper drainage, having dug an open ditch which has not controlled the storm drainage.

3. Proper drainage requires a 30-inch storm sewer, 150 feet long, with related excavation, planting and other facilities, as described in the testimony and letter of the township engineer.

These findings of the chancellor are amply supported by the record.

The only factual dispute relates to the technical sufficiency of the engineer's opinion concerning the facilities and work necessary to provide adequate drainage. Resolution of that difference of expert opinion was for the trial court, and we find no error in the chancellor's acceptance of the view that a storm sewer pipe, rather than an open ditch, is necessary for

adequate control of the drainage. In addition, as the trial court noted, the applicable Plains Township Subdivision Code §83.18(b) specifically calls for storm sewer pipe when surface drainage facilities are not satisfactory.

We can add nothing to the chancellor's excellent analysis of the technical problem as reflected in the testimony and previous statements of the developer himself. On review, the chancellor's findings are not to be disturbed where, as here, they are supported by the evidence and are not capricious. *Delp v. Borough of Harrisville,* 25 Pa. Commonwealth Ct. 486, 360 A.2d 758 (1976).

The legal issues are threefold: (1) Is there a valid and subsisting contract? (2) Did the developer breach the contract? (3) Was the township guilty of laches with respect to the institution of the present action?

Concerning the existence of a contract there can be no disagreement with the position of the developer, adopted by the trial court's conclusion of law, that the township's attempted alteration of the agreement was a nullity. However, counsel cites no authority for the developer's view that the alteration somehow voided the meeting of minds expressed in the original contract. There is no reason why the unaltered agreement does not remain binding and effective.

The breach of the contract by the developer has been established by the factual determinations of the trial court, discussed above. The open ditch provided by the developer was not the "proper drainage" which he had agreed to provide.

On the question of laches, although the agreement was dated August 11, 1975 and this suit was instituted February 28, 1977, the court found that the intervening period, a little more than 18 months, was taken up by continuing negotiations and efforts to resolve the drainage problem. In addition, the developer has of-

fered no evidence to show that he was prejudiced by the township's deferral of the institution of suit. Laches requires not only the passage of time, but also a resultant prejudice to the party asserting the doctrine. *Beaver v. Penntech Paper Co.*, 452 Pa. 542, 307 A.2d 281 (1973).

We therefore affirm the final decree of the court below.

### ORDER

AND Now, this 7th day of September, 1979, the decree of the Court of Common Pleas of Luzerne County at No. 20 of 1977, dated July 21, 1978, is affirmed.