Irwin C. Eyet, Appellant *v.* Township of Plains, Appellee.

Argued April 11, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Joseph P. Sindaco, Moses & Gelso,* for appellant.

*Joseph C. Giebus,* for appellee.

OPINION BY JUDGE CRAIG, May 9, 1980:

Irwin Eyet (landowner) appeals from a court of common pleas determination that his premises constituted a public nuisance, and from its order requiring him to clear the property of overgrowth, debris and all inoperative vehicles. That order became final when landowner's exceptions to the court's decree nisi were dismissed by the court en banc.

The parties agree that landowner, on his twenty acres, had accumulated sixty automobiles, forty trucks and four railroad hopper cars, all inoperative. Although the storage of abandoned or junked motor vehicles alone does not constitute a nuisance per se, the chancellor also found, in support of his conclusion that the condition of landowner's property constituted a public nuisance in fact, that:

2. That the defendant has allowed to accumulate on said premises high weeds, brush . . . and garbage, rubbish and other litter.

3. That the premises . . . are in such a condition as to be dangerous and to constitute a safety hazard to public health and welfare.

. . . .

5. That the premises . . . constitute a health problem because of the presence of rats and other uncleanliness on the premises.

The record substantially supports these findings,[1]

---

[1] A township witness, with the Pennsylvania Department of Environmental Resources, testified that he saw the incapacitated vehicles, several dilapidated buildings, considerable amounts of litter, piles of rubbish, high weeds and overgrowth. Although he did not see any rats at the time of the viewing, he testified that there were

which in combination are sufficient to support the chancellor's conclusion that the activities on the property constitute a nuisance in fact. Findings are not to be disturbed where, as here, they are supported by the evidence and are not capricious. *Merlino v. Plains Township*, 45 Pa. Commonwealth Ct. 506, 508, 405 A. 2d 1032, 1034 (1979).

Finally, landowner questions the lower court's order which requires the removal of all overgrowth and debris, and further orders the removal of all the inoperative vehicles from the premises.[2] Because the chancellor's order does not require the removal of the metal structures which landowner requires to operate his fuel dealership, the order does not interfere with the operation of that business, assuming that it is otherwise lawful.

Therefore, we affirm the order of the Court of Common Pleas of Luzerne County.

## ORDER

AND Now, this 9th day of May, 1980, the order of the Court of Common Pleas of Luzerne County dated June 18, 1979 (No. 113 of 1978), is affirmed.

---

present on landowner's property, "all the factors needed for a rodent problem." Other witnesses, however, including the township zoning officer and township commissioner, testified that they had observed rats and other rodents on the property, which is in a residential neighborhood. The Pennsylvania Supreme Court in *Dexter v. Bebenek*, 458 Pa. 1, 327 A.2d 38 (1974) held that a haven for rodents constitutes a nuisance in fact.

[2] Landowner has now ceased to claim, as he did below, that he is in the used-car sales business. Here on appeal he claims for the first time that he is in the business of selling used auto parts.

We need not rule on that claim because it was not made below and because the lawfulness of landowner's business operations in themselves are not at issue here. Certification as to the propriety of any business, apart from its nuisance impact, must be achieved through applicable permit procedures.