Margaret Calcagni, Appellant *v.* Board of Assessment Appeals of Lehigh County, Pennsylvania, Appellee.

Argued September 29, 1978, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Richard J. Orloski,* with him *Stamberg, Caplan & Calnan,* for appellant.

*Alfred K. Hettinger,* Assistant County Solicitor, for appellee.

OPINION BY JUDGE ROGERS, November 21, 1978:

Margaret Calcagni appeals from an order of the Court of Common Pleas of Lehigh County dismissing her appeal from the assessment of her dwelling house for local tax purposes.

At the hearing below the Board of Assessment Appeals offered the official record of the assessment of Mrs. Calcagni's property showing a market value of $22,250.00, and a value for assessment purposes of

$11,130.00. The parties stipulated that the predetermined ratio of assessed to market value used in Lehigh County was 50%. The court below held that this evidence sufficiently established the prima facie regularity of the assessment and dismissed Mrs. Calcagni's appeal upon a finding that she had failed to demonstrate that the assessment of her property was lacking in uniformity to those of other similar properties in the neighborhood.

In her appeal to this court the appellant claims that the Board of Assessment failed to establish the prima facie regularity of her assessment; that the hearing judge erroneously excluded testimony offered to show bias on the part of the person who valued her property for the Board of Assessment; and that the hearing judge also erroneously refused to admit into evidence the official assessment records of similar properties in the neighborhood, offered to show that the taxpayer was the victim of a nonuniform assessment of her property.

The appellant's first point is totally without merit. She says that the Board of Assessment did not make out a prima facie case for the validity of her assessment because the hearing judge improperly excluded evidence by her after the record of her assessment had been admitted into evidence. The rule is that the record of assessment once admitted *is* a prima facie case for the validity of the assessment. When the prima facie case for validity is thus made, it then becomes the taxpayer's burden to come forward with proof sufficient to overcome that prima facie case. *Deitch Co. v. Board of Property Assessment*, 417 Pa. 213, 209 A.2d 397 (1965). Error made by excluding the taxpayer's evidence may require a new hearing; it does not vitiate the prima facie case for validity made by the admission of the assessment record.

Mrs. Calcagni's next contention—that the hearing judge erred in excluding evidence of asserted bias against her on the part of the person who valued her property for the Board of Assessment—is also without merit. An examination of the record of the hearing reveals that the hearing judge might well have been totally unaware that the appellant's counsel was attempting to show such bias. Counsel asked Mrs. Calcagni whether she entered into a sales agreement for a property other than her home involved in these proceedings. The Board's counsel objected on the ground that the information sought was irrelevant. The hearing judge asked Mrs. Calcagni's counsel what relevance the subject had and counsel answered merely that his client had prior business dealings with a person who made the original appraisal of this property. The hearing judge then sustained the county's objection. Mrs. Calcagni's counsel did not pursue the matter further. The failure to disclose the purpose of the question to the hearing judge by an offer of proof precludes our consideration of this argument. *Spitzer v. Philadelphia Transportation Co.,* 348 Pa. 548, 36 A.2d 503 (1944). We add, on this subject, however, that competent evidence of bias against the property owner on the part of the person valuing the property is relevant. *See Redevelopment Authority of the County of Bucks v. Asta,* 16 Pa. Commonwealth Ct. 78, 329 A.2d 300 (1974).

Mrs. Calcagni's dwelling house is at 218 East Fairview Street in Allentown. She offered into evidence the assessment records of dwelling houses at 214 to 276 East Fairview Street; also those of 214 to 269 East Elm Street, a street parallel to East Fairview; and those of 215 to 329 South Bradford Street, which intersects East Fairview. In an inartful but understandable proof, Mrs. Calcagni's counsel said that the rec-

ords of those properties would show that her property was nonuniformly assessed by the application of nonuniform deductions for depreciation on account of age. Lack of uniformity may be demonstrated by showing that the taxpayer's property has been assigned a higher market value than other similar properties. *Valley Forge Golf Club, Inc. Tax Appeal,* 3 Pa. Commonwealth Ct. 644, 285 A.2d 213 (1971). If, as counsel contends, the records themselves will demonstrate a lack of uniformity in her assessment, they were relevant and should have been admitted.

On this last ground we must reverse the order below and remand the record for a new hearing.

ORDER

AND Now, this 21st day of November, 1978, the order of the court below made December 12, 1977 dismissing the appellant's tax assessment appeal is reversed; and the record is remanded for a new hearing.