In Re: Appeal of the M. W. Kellogg Company (A Wholly Owned Subsidiary of Wheelabrator-Frye, Inc.) as Successor to Pullman-Standard Car Manufacturing Company and Pullman Incorporated From the Action of the Board for the Assessment and Revision of Taxes on Property Situate in Butler Township Ward II and the City of Butler Ward III, Butler County, Pennsylvania. The M. W. Kellogg Company, Appellant.

Argued November 15, 1984, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*John R. Dingess,* with him, *Joseph A. Katarincic, Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellant.

*Alexander H. Lindsay, Jr.,* with him, *William C. Robinson,* County Solicitor, *Henninger & Robinson,* for appellee.

OPINION BY JUDGE PALLADINO, May 17, 1985:

The M.W. Kellogg Company (taxpayer) appeals from an order of the Court of Common Pleas of Butler County (trial court) which dismissed its appeal from a decision by the county's Board of Property Assessment. The Board fixed the fair market value of the taxpayer's property for 1983 at $6,388,010, and the assessed value at 75% of market value, or $4,791,016.

We must decide whether the trial court, in refusing to reduce the Board's assessment, erred by rejecting as incredible the expert testimony presented by the taxpayer on the property's fair market value.

The property in question is comprised of three separate parcels of land upon which are located the industrial facilities known as the Pullman Plant.

At the de novo hearing before the trial court, the county introduced the assessment records for 1983 and then rested. The taxpayer then offered the testimony of Mr. Lebovitz, a real estate appraiser. Mr. Lebovitz testified that the fair market value of the property was, in his opinion, $2,450,000, which would result in an assessed value of $1,837,500. The taxpayer also offered the testimony of Mr. Neely, who concurred with Mr. Lebovitz's valuation. The county then introduced the testimony of Mr. DeRose, a county assessor, who explained the methods used in preparing the county's assessment. In essence, the county based its valuation on a county-wide assessment made in 1970, with yearly adjustments for depreciation and obsolescence.

The trial court, in its opinion, specifically rejected the testimony of Mr. Lebovitz and Mr. Neely because of the radical difference between their testimony on the valuation of the property before the Board and the trial court. Mr. Lebovitz testified before the Board that the fair market value of the property was $3,000,-000, a figure $550,000 higher than his valuation testimony before the trial court.

The trial court, in viewing this discrepancy, stated, "This underscores the problem confronting the Court in accepting expert opinion as to real estate valuation. It is merely opinion and when such opinion varies to the extent proffered in this case, it is not credible." The trial court concluded that because the proof offered by the taxpayer was incredible, it did not overcome the prima facie validity of the county's assessment, and dismissed the appeal.

It is well established that the trial court is the fact finder in a tax assessment appeal, and all matters of credibility and evidentiary weight are within the province of the fact finder. *Mellon Bank, N.A. Appeal*, 78

Pa. Commonwealth Ct. 463, 467 A.2d 1201 (1983). The findings of the trial court must be given great force and will not be disturbed absent a showing of clear error. *Id.*

The proper order of proof in a tax assessment appeal was set forth by the Pennsylvania Supreme Court in *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965), and is as follows:

> The proceedings in the trial court are de novo and the proper order of proof in cases such as the present one has long been established. The procedure requires that the taxing authority first present its assessment record into evidence. Such presentation makes out a prima facie case for the validity of the assessment in the sense that it fixes the time when the burden of coming forward with evidence shifts to the taxpayer. *If the taxpayer fails to respond with credible, relevant evidence, then the taxing body prevails.* But once the taxpayer provides sufficient proof to overcome its initially allotted status, the prima facie significance of the Board's assessment figure has served its procedural purpose, and its value as an evidentiary device is ended.
>
> . . . .
>
> Of course, the taxing authority always has the right to rebut the owner's evidence and in such a case the weight to be given to all the evidence is always for the court to determine. The taxing authority cannot, however, rely solely on its assessment record in the face of countervailing evidence unless it is willing to run the risk of having the owner's proof believed by the court. Where the taxpayer's testimony is relevant, *credible* and unrebutted, it must be given

due weight and cannot be ignored by the court. It must necessarily be accepted. [Emphasis added.]

417 Pa. at 221-22, 209 A.2d at 402. *See also Calcagni v. Board of Assessment Appeals,* 38 Pa. Commonwealth Ct. 525, 527, 394 A.2d 663, 664 (1978).

Here, because the trial court found the evidence to be incredible, the taxpayer never met its evidentiary burden under *Deitch.* With insufficient evidence to remove the prima facie validity of the assessment, the trial court was required to allow the Board's assessment to stand and dismiss the appeal. *Ames Shopping Plaza Appeal,* 83 Pa. Commonwealth Ct. 122, 476 A.2d 1001 (1984).

The trial court, in rejecting the testimony of Mr. Lebovitz and Mr. Neely, was exercising its role as fact finder, and without a showing of clear error, must be affirmed. Our careful examination of the record reveals no such clear error.[1]

Accordingly, we affirm.

ORDER

AND Now, May 17, 1985, the order of the Court of Common Pleas of Butler County dated March 22, 1983 at MsD. No. 82-102 is affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.

---

[1] The taxpayer also challenges the 1970 assessment, upon which the 1983 assessment was based, as improperly using the cost of reproduction less depreciation method of valuation. *See Appeal of Chartiers Valley School District,* 67 Pa. Commonwealth Ct. 121, 447 A.2d 317 (1982).

Had the taxpayer come forward with sufficient proof to overcome the Board's prima facie case, the 1970 assessment would not have been competent to serve as rebuttal evidence of market value. Because the taxpayer did not meet its burden under *Deitch,* we may not inquire into the validity of the 1983 assessment. *Ames.*