John J. and Rita A. Albarano, Appellants *v.* Board of Assessment and Revision of Taxes and Appeals, Lycoming County, Appellee.

Alfa Enterprises, Inc., Appellant *v.* Board of Assessment and Revision of Taxes and Appeals, Lycoming County, Appellee.

Argued February 1, 1985, before Judges Doyle and Palladino and Senior Judge Barbieri, sitting as a panel of three.

. *Scott Thayden Williams*, Law offices of *Henry P. Perciballi*, for appellants.

*E. Eugene Yaw*, McNerney, Page, Vanderlin & *Hall*, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, June 12, 1985:
This is a consolidated appeal in which John and Rita Albarano and Alfa Enterprises, Inc., (Appellants) appeal here an order of the Court of Common Pleas of Lycoming County. That order dismissed with prejudice their petitions for review of real estate tax assessments. We affirm.

The Albaranos own an apartment building in Old Lycoming Township known as Chatham Park Apartments. For the 1984 tax year, the Board of Assessment and Revision of Taxes and Appeals, Lycoming County (Board), assessed that property at $286,550. Alfa Enterprises, Inc., owns several apartment buildings in Williamsport. For the 1984 tax year, the Board assessed Alfa's Hepburn Street property at $70,110; its High Street property at $91,970; and its Sheridan Street property at $87,410. Appellants appealed those assessments to the Board. The Board held a hearing on October 6, 1983 and, on October 11, 1983, it affirmed the assessments as stated.

Appellants then appealed the assessments to the Court of Common Pleas of Lycoming County which heard the appeal de novo. After the Board had placed its assessment record into evidence without objection, the common pleas court called upon Appellants to present evidence as to market value. Appellants stated that they were not prepared to offer evidence as to market value, rather they desired to challenge the uniformity of the assessments by presenting assessments of properties comparable with theirs. The common pleas court determined that, in the context of the statutory appeal, it could not consider assessments of comparable properties. When Appellants failed to produce any evidence as to market value, the common pleas court dismissed their assessment appeals with prejudice. Timely appeals were filed with this Court.

In this appeal, Appellants present several assignments of error which challenge the uniformity of their assessments, the evidentiary support for the common pleas court's order and the common pleas court's decision not to consider assessments of comparable properties. We are cognizant, of course, that our scope of review in a tax case such as this, where the common pleas court has heard the matter de novo, is limited to a determination of whether that court's decision is supported by substantial evidence, is in accordance with law, and whether or not that court abused its discretion. *Sabarese v. Tax Claim Bureau of Monroe County,* 69 Pa. Commonwealth Ct. 442, 445, 451 A.2d 793, 794 (1982); *Scott Township Tax Assessment Case,* 31 Pa. Commonwealth Ct. 505, 508, 377 A. 2d 826, 827 (1977).

We shall first consider Appellant's contention that the Board failed to sustain its burden of making out a prima facie case on the validity of its assessment.

The Board introduced into evidence its assessment record without objection from Appellants. This, without more, was sufficient to satisfy the Board's burden of establishing the prima facie validity of its assessment. *United States Steel Corp. Tax Assessment Case,* 436 Pa. 435, 260 A.2d 779 (1970). Once the Board established the prima facie validity of its assessment by placing its assessment record into evidence, the burden then shifted to Appellants to produce sufficient competent, credibile, and relevant evidence to overcome the assessment's prima facie validity. *See Dietch Company v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965). We must, therefore, reject appellants' contention that the Board failed to establish the prima facie validity of its assessment.

Appellants' next contention is that the common pleas court erred as a matter of law by not allowing them to attack the uniformity of their assessments by introducing evidence of assessments of comparable properties. The common pleas court interpreted the statutory language of the Act of October 5, 1978, P.L. 1138, *as amended,* 72 P.S. §5453.704(b), as prohibiting it from considering such evidence in entertaining a property owner's uniformity challenge to an assessment. Our review of the applicable law leads us to conclude that this was error. While there are no cases directly on point, assessment appeals based on a lack of uniformity seem to be permitted under 72 P.S. §5453.704. *See Calcagni v. Board of Assessment Appeals,* 38 Pa. Commonwealth Ct. 525, 394 A.2d 663 (1978); *Valley Forge Golf Club, Inc., Tax Appeal,* 3 Pa. Commonwealth Ct. 644, 285 A.2d 213 (1971).

While we conclude that the common pleas court erred when it concluded that it could not entertain a uniformity challenge under 72 P.S. §5453.704 and con-

sider assessments of comparable properties, we are satisfied that a remand is not required. A property owner claiming that his assessment is not uniform must carry his burden of proof by showing that a lower ratio of assessment to actual value has been applied to comparable properties. *McKnight Shopping Center, Inc., v. Board of Property Assessment,* 417 Pa. 234, 209 A.2d 389 (1965); *Brook Building Tax Assessment Case,* 391 Pa. 94, 137 A.2d 273 (1958). In meeting this burden, Appellants properly offered evidence of assessments of comparable properties to the common pleas court. However, this was not sufficient. Appellants are also required to present evidence to show that the actual value of comparable properties was different than that found by the Board. *Valley Forge Golf Club, Inc., Tax Appeal.* This is accomplished by presenting proof of market value. *Id.* Where a property owner presents proof of assessments of comparable properties but fails to offer any evidence as to market value, the property owner cannot sustain his burden of proof as a matter of law in that the common pleas court has no information upon which to make a finding as to the current market value and apply the established predetermined ratio to determine the issue of uniformity. *Calcagni v. Board of Assessment Appeals of Lehigh County,* 55 Pa. Commonwealth Ct. 39, 423 A.2d 24 (1980); *Valley Forge Golf Club, Inc., Tax Appeal.* As appellants were only offering evidence of the *assessments* of comparable properties and specifically stated that they were not prepared to offer evidence on the issue of market value, there was no way in which they could have prevailed as to their uniformity challenge.

Having found that appellants could not have sustained their burden of proof, we need not address their third contention. Therefore, we must affirm the order

94

of the common pleas court which dismissed their petition for review with prejudice.

ORDER

AND Now, this 12th day of June, 1985, the orders of the Court of Common Pleas of Lycoming County at Docket No. 83-02362 and 83-02363, dated April 25, 1984, which dismissed with prejudice the Petitions for Review of Real Estate Assessment of John J. and Rita A. Albarano and Alfa Enterprises, Inc., are hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.