646 A.2d 1275

**Paul FOSKO and Patricia Fosko, his wife,**

v.

**BOARD OF ASSESSMENT APPEALS, LUZERNE COUNTY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 11, 1994.

Decided Aug. 3, 1994.

Reargument Denied Oct. 4, 1994.

396

Michael I. Butera, for appellant.

Stephen B. Killian, for appellee.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

The Board of Assessment and Appeals of Luzerne County appeals from an order of the Court of Common Pleas of Luzerne County which granted Paul and Patricia Fosko's tax assessment appeal because it determined that the ratio applied to their property when compared with surrounding properties was not uniform, and revised the assessed value of the property. The issue presented to this Court is whether the trial court erred by considering comparable assessments of neighboring properties rather than merely considering the fair market value of the subject property and the predetermined ratio to determine the Foskos' tax assessment.

The Foskos purchased property located at 120 Blueberry
Hill Road, Shavertown, Jackson Township, Pennsylvania in
August 1987 for $160,000 which was assessed at $15,650 for
1993 county, municipal and school taxes. They appealed to
the Board which revised the assessment to $13,190. The
Foskos further appealed and the trial court conducted a de
novo hearing at which the Foskos presented a letter dated
April 7, 1993 from an associate broker with a real estate firm
indicating that the fair market value of their property is
approximately $180,000 to $185,000. In addition, Paul Fosko
admitted that he has no training in evaluating real estate but
testified that he agreed with the associate broker's estimate
and also presented a list of six properties located in close
proximity to his house which he believed were comparable to
his. He further stated that the property owned by the
Kabeschats was listed for sale at $249,000, is 2508 square feet,
and was assessed at $11,640; the property owned by the
Calises was listed at $219,000, is 2200 square feet, and was
assessed at $11,000; and his property is 2279 square feet and
is assessed at $13,190.

Edward Brominski, chief assessor for Luzerne County, tes-
tified from assessment records which the Foskos subpoenaed
and stated that the total square footage of improvements on
the Fosko property is 1187 square feet and that when the
Foskos purchased the property in 1987 the fair market value
was $47,000. He also testified regarding other properties in
the Foskos' development including, inter alia, properties
owned by the Bartoshs, the Calises and the Kabeschats.[1]
John Anstett testified for the Board as an expert in the field
of evaluating real estate and setting tax assessments. He
stated that the Foskos' property has a fair market value of

1. Specifically, with respect to these properties, the chief assessor testi-
fied that the Bartoshs' property was purchased in 1982, was improved
in 1984 with 1282 square feet of living space, was assessed at $11,870
and its fair market value was approximately $34,000. The Calises'
property was constructed in 1979 with approximately 1282 square feet
of improvements, was purchased in 1984 for $115,000 and is currently
assessed at $11,000. The Kabeschats' property was purchased in 1983
for $122,000, has approximately 2764 square feet of improvements and
is assessed at $11,640.

$195,000, the current predetermined ratio used for Luzerne County is 9.4%, and based on these figures the tax assessment for this property should be $18,330. Anstett further testified that if the Foskos' real estate assessor's fair market value of $180,000 is used, the tax assessment for the Foskos' property would be $16,920. He also stated that based upon an average property appreciation of 5% per year, the Kabeschats' property would have a fair market value of $183,000 and when the predetermined ratio is applied, it should be assessed at $17,-200. Using the same formula for the Calises' property, the fair market value would be $167,000 and the property would be assessed at $15,690.

■ The court stated that it based its decision upon the testimony presented; determined that comparable properties, some of which have an actual fair market value higher than the Foskos', are assessed on the basis of values calculated well below their actual fair market value; concluded that the assessment was therefore not uniform; and reduced the assessment to $10,620. On appeal to this Court, the Board argues that the trial court erred by considering the fair market values of other properties because as factfinder, the judge is limited to determining the fair market value of the property in question and multiplying the value by the predetermined ratio set by the State Tax Equalization Board (STEB) to arrive at the proper assessment; and that assessments of neighboring properties are only relative if the court determines that a figure other than the fair market value or the predetermined ratio are used in determining the assessed valuation.[2]

■ The procedure for determining the market value and assessment ratio to be applied to a property in an assessment appeal are set forth in Section 518.2 of The General County

2. This Court's scope of review in a real estate tax assessment appeal where the trial court has heard the matter de novo, is limited to determining whether the court's decision is supported by substantial evidence, is in accordance with law, or whether the court abused its discretion. *Albarano v. Board of Assessment & Revision of Taxes & Appeals*, 90 Pa.Commonwealth Ct. 89, 494 A.2d 47 (1985).

Assessment Law (Law), Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–518.2.[3] Section 518.2(a) requires the trial court to make the following determinations:

(1) The market value as of the date such appeal was filed before the county commissioners, acting as a board of revision of taxes, or the board for the assessment and revision of taxes. In the event subsequent years have been made a part of the appeal, the court shall determine the respective market value for each such year.

(2) The common level ratio which was applicable in the original appeal to the county commissioners, acting as a board of revision of taxes, or the board for the assessment and revision of taxes. In the event subsequent years have been made a part of the appeal, the court shall determine the respective common level ratio for each such year published by the State Tax Equalization Board on or before July 1 of the year prior to the tax year being appealed.

Section 518.2(b) provides:

(b) The court, after determining the market value of the property pursuant to subsection (a)(1), shall then apply the established predetermined ratio to such value unless the corresponding common level ratio determined pursuant to subsection (a)(2) varies by more than fifteen per centum (15%) from the established predetermined ratio, in which case the court shall apply the respective common level ratio to the corresponding market value of the property.

Further, Article VIII, Section 1 of the Pennsylvania Constitution provides that "[A]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." In order to comply with Article VIII, taxes must be applied to similar property uniformly with substantial equality of the tax burden placed upon all members of the same class. *Brooks Building Tax Assessment*

3. Market value is the price which a purchaser who is willing but not obliged to buy would pay to an owner who is willing but not obliged to sell. *Brooks Building Tax Assessment Case,* 391 Pa. 94, 137 A.2d 273 (1958).

*Case,* 391 Pa. 94, 137 A.2d 273 (1958); *Monroe County Bd. of Assessment Appeals v. Karlin,* 158 Pa.Commonwealth Ct. 366, 631 A.2d 1062 (1993). Consequently, no taxpayer should pay more than his or her fair share of the cost of government, *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965); *Appeal of Chartiers Valley Sch. Dist.,* 67 Pa.Commonwealth Ct. 121, 447 A.2d 317 (1982), *appeal dismissed,* 500 Pa. 341, 456 A.2d 986 (1983); and any system which results in the intentional or systematic undervaluation of like or similar properties is impermissible. *Brooks Building; Karlin.*

 Where a taxpayer claims that an assessment violates the principle of uniformity, the taxpayer admits that the fair market value assigned to his or her property is correct but that other comparable properties are assigned a substantially lower fair market value and when the ratio is applied to that lower value, the owners of the comparable properties pay less than the complaining taxpayer. *Banzhoff v. Dauphin County Board of Assessment Appeals,* 146 Pa.Commonwealth Ct. 687, 606 A.2d 974 (1992). An assessment is considered prima facie valid where the assessment record is admitted into the evidence, and the taxpayer has the burden to rebut the assessment's validity. *McKnight Shopping Center, Inc. v. Board of Property Assessment,* 417 Pa. 234, 209 A.2d 389 (1965); *Deitch.*

 A taxpayer could satisfy his or her burden by producing evidence establishing the ratios of assessed values to market values of comparable properties based upon actual sales of comparable properties in the taxing district for a reasonable time prior to the assessment date. A taxpayer may also meet this burden by offering evidence of assessments of comparable properties, so long as the taxpayer also presents evidence to show that the actual fair market value of the comparable properties is different than that found by the taxing authority. *Albarano v. Board of Assessment & Revision of Taxes & Appeals,* 90 Pa.Commonwealth Ct. 89, 494 A.2d 47 (1985); *Valley Forge Golf Club, Inc. Tax Appeal,* 3

Pa.Commonwealth Ct. 644, 285 A.2d 213 (1971). However, this Court has stated that without current market value information regarding the comparable properties, the court has no basis upon which to determine the issue of uniformity. *Albarano.* When a taxpayer fails to refute the presumed uniformity of a predetermined ratio by presenting credible, relevant and competent evidence to the contrary, the assessment of the taxing body must prevail. *Chartiers Valley Sch. Dist.*

In *Valley Forge Golf Club, Inc.* and *Albarano,* the taxpayers failed to produce evidence of the actual fair market value of any of the properties relied upon as comparisons. This Court determined that because the records were void of any proof that the properties were worth more than the amounts fixed by the assessing authority as the actual value of the properties, the appeals of the taxpayers must be dismissed. Similarly, in *Gitney v. Berks County Board of Assessment Appeals,* 160 Pa.Commonwealth Ct. 647, 635 A.2d 737 (1993), this Court held that the taxpayers failed to satisfy their burden of proof where taxpayers presented general testimony that alleged comparable properties are inferior or superior to the taxpayer's property. *Compare McKnight,* 417 Pa. at 239, 209 A.2d at 392 (taxpayer "produced uncontradicted testimony that its property was assessed at 88.5% of its market value while two other shopping centers were assessed at 57% and 76% of their market values"); *Brooks Building* (taxpayer established that his property was assessed at 91.9% while similar properties were assessed between 40.2% and 57.2% of their market values).

In the matter sub judice, the trial court erred by failing to make any findings regarding the fair market value of the Foskos' property as of the date their appeal was filed or the predetermined ratio applicable to the property as required by Section 518.2 of the Law. The court was presented with conflicting evidence regarding the actual fair market value of the Foskos' property and as factfinder was required to weigh the evidence, determine issues of credibility, and resolve the conflicts in favor of one of the parties. Without having made

necessary findings, the trial court had no basis to compare the Foskos' property with other properties in the district.

However, this Court need not remand for further findings as the evidence contained in the record is insufficient in any event to satisfy the Foskos' burden of proof. Although they properly produced evidence of assessments of properties which they allege are comparable, the Foskos did not produce evidence of the actual fair market value of those properties and therefore the trial court had no basis for determining whether the alleged comparable properties were in fact valued substantially less than their actual fair market value or whether a different ratio was applied to those properties. Paul Fosko's testimony regarding the real estate listing as opposed to sales prices of neighboring properties and speculation that some properties are of a greater value than his do not satisfy his burden of proof in rebutting the presumption of validity of the assessment. *See Deitch; Gitney.*

The only testimony regarding the actual current market value of comparable properties was that presented by the Board's expert who valued the Foskos' property at $195,000 which was substantially more than the value he assigned to the alleged comparable properties. Therefore, the Foskos failed to establish intentional or systematic undervaluation of the alleged comparable properties, and the record contains no basis to support the trial court's determination that comparable properties are assessed on the basis of values calculated below their actual fair market value or the court's conclusion that the assessments are not uniform. Accordingly, the order of the trial court is reversed and the order of the Board should stand.

KELLEY, J., dissents.

## O R D E R

AND NOW, this 3rd day of August, 1994, the order of the Court of Common Pleas of Luzerne County is reversed.