**GARRETT GROUP, L.P. Harriman Corporation, and Ronald Lickman, Appellants,**

v.

**COUNTY OF SCHUYLKILL, Frailey Township, Hegins Township, Hubley Township, Porter Township, and Tremont Township and Pine Grove School District, Tri–Valley School District, and Williams Valley School District.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1995.

Decided Oct. 27, 1995.

Jan S. Krasnowiecki, for appellants.

Mary Kay Bernosky, for appellee, County of Schuylkill.

James P. Diehl, for appellees, Hegins Township, Hubley Township and Porter Township.

Before PELLEGRINI and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Garrett Group, L.P. Harriman Corporation and Ronald Lickman (collectively referred to as Taxpayers) appeal from an order to the Court of Common Pleas of Schuylkill County (trial court) sustaining the preliminary objections of the County of Schuylkill (County), Frailey Township, Hegins Township, Porter Township, Tremont Township, Pine Grove School District, Tri–Valley School District, and Williams Valley School District (collectively referred to as Appellees). We affirm.

Taxpayers are owners of surface and coal reserves in the County. In June of 1994, they brought an equity action against Appellees based on a real estate assessment made against their properties. In their action, Taxpayers challenged the constitutionality of The Fourth to Eighth Class County Assessment Law [1] (County Assessment Law) and The General County Assessment Law [2] (General Assessment Law). In addition, they alleged violations of their right to procedural due process pursuant to Section 1983 of The Civil Rights Act, 42 U.S.C. § 1983 (Section 1983). Taxpayers sought a refund of all taxes previously paid on their properties, a refund of taxes paid during the pendency of the action, and requested a reassessment of all real property in the County.[3]

In response, Appellees filed preliminary objections averring, *inter alia,* that the trial court could not exercise equity jurisdiction because Taxpayers failed to raise a substantial constitutional question and there was an adequate statutory remedy that Taxpayers had failed to exhaust. The trial court agreed and sustained Appellees' preliminary objections.

On appeal to this Court,[4] Taxpayers set forth the following issues: (1) whether

1. Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §§ 5453.101–5453.706.

2. Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020–1–5020–602.

3. Prior to instituting this action Taxpayers also filed appeals from the 1994 assessments of real estate taxes on their properties. The Schuylkill

County Board of Tax Assessment Appeals refused Taxpayers' request that the assessments be reduced and the matter is currently pending before the trial court.

4. Normally, appellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion. *Lower Frederick Township v. Clem-*

the trial court erred in dismissing their facial constitutional challenges to the County Assessment Law and General Assessment Law; (2) whether the trial court erred in dismissing their challenge to the application of the County Assessment Law; and (3) whether the trial court improperly dismissed their Section 1983 claims.[5]

The Pennsylvania Supreme Court has held that the mere fact that a constitutional question is raised as to the validity of a statute does not confer equity jurisdiction upon a court. *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974). In order to invoke a trial court's equity jurisdiction, a party must show the existence of a *substantial* question of constitutionality and the absence of an adequate statutorily prescribed remedy. *Id.*

Taxpayers contend that Section 601 of the County Assessment Law, 72 P.S. § 5453.601,[6] is unconstitutional because it abolishes and does not contain any requirement for periodic reassessment of real property for taxation purposes. Because counties of the First through Third Class are required to conduct county-wide reassessments on a triennial basis pursuant to Section 5020–401 of the County Assessment Law, Taxpayers argue that the County Assessment Law is not uniform and is violative of the Pennsylvania and United States Constitutions.

Having reviewed Taxpayers' second amended complaint, we conclude that the trial court properly refused to exercise its equity jurisdiction. In order to comply with uniformity requirements, a tax must be applied with uniformity upon *similar kinds of businesses or property* and with substantial equality of the tax burden upon all members of the same class. *See Lee Hospital v. Cambria County Board of Assessment Appeals,* 162 Pa.Cmwlth. 38, 638 A.2d 344 (1994) (hospital was treated identically and fairly vis-a-vis the other similarly situated hospitals with respect to its placement on the tax rolls).

Taxpayers' second amended complaint does not allege that their properties have been treated differently than other similar coal lands that are also subject to the County Assessment Law. Obviously, properties located in First through Third Class counties are by their very nature different from properties located in counties of the Eighth Class. Thus, the frequency of reassessments of properties located in counties of the First through Third Class is of no import to Taxpayers. Without additional averments reflecting a lack of uniformity with regard to other, similar properties that are subject to the County Assessment Law, Taxpayers' assertions are merely allegations of unconstitutionality and will not confer equity jurisdiction on the trial court.

---

*mer,* 518 Pa. 313, 543 A.2d 502 (1988), citing *Department of Environmental Resources v. Pennsylvania Power Co.,* 461 Pa. 675, 337 A.2d 823 (1975). The scope of review of a final decree in equity is limited and the findings of fact of a chancellor will not be disturbed unless they are unsupported by the evidence or are demonstrably capricious. *Delp v. Borough of Harrisville,* 25 Pa.Cmwlth. 486, 360 A.2d 758 (1976).

5. Citing the case of *Murtagh v. County of Berks,* 535 Pa. 50, 634 A.2d 179 (1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1397, 128 L.Ed.2d 71 (1994), Taxpayers argued it was not necessary for them to exhaust the administrative remedies provided in the County Assessment Law and General Assessment Law before filing their Section 1983 claims. In light of the United States Supreme Court's opinion in the case of *National Private Truck Council v. Oklahoma Tax Commission,* —— U.S. ——, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995) which disapproved the holding in

*Murtagh,* Taxpayers agreed at oral argument to dismiss their Section 1983 claims against Appellees. Consequently, we will not address this issue in our opinion.

6. Section 601 states:

Annually, on or before the first day of July, the chief assessor shall, from the returns made by the local assessors, prepare and submit to the board, in the form prescribed by the board, an assessment roll or list of persons and property subject to local taxation, together with the actual value placed upon each person, each parcel or tract of real property and the personal property of each person by the assessor, and shall make and have supervision of listing and valuation of property excluded or exempted from taxation. The chief assessor shall, at the same time, prepare and submit a list of all property exempted by law from taxation. The making of triennial assessments as provided by existing law is hereby abolished.

■ Absent a question of constitutionality, the statutory procedure for reviewing alleged errors by taxing authorities must be pursued and equity has no jurisdiction to interfere in the legislatively prescribed process. *Pinebrook Foundation, Inc. v. Shiffer,* 416 Pa. 379, 206 A.2d 314 (1965). Because Taxpayers failed to raise a substantial question of constitutionality, equity does not have jurisdiction over their cause of action. Accordingly, any redress Taxpayers seek must be found through the County Assessment Law's appeal procedures.

In this regard, our Court has recognized that the statutory remedies at issue present a satisfactory method by which uniformity arguments may be raised. In the case of *Albarano v. Board of Assessment and Revision of Taxes and Appeals, Lycoming County,* 90 Pa.Cmwlth. 89, 494 A.2d 47 (1985), this Court specifically addressed the issue of whether Section 704(b) of the County Assessment Law, 72 P.S. § 5453.704(b),[7] allows a trial court to consider evidence pertaining to uniformity. In *Albarano,* the trial court interpreted the statutory language of Section 704(b) as prohibiting it from considering the property owner's uniformity challenge to the assessment. On appeal, this Court did not agree. Relying on the cases of *Calcagni v. Board of Assessment Appeals,* 38 Pa.Cmwlth. 525, 394 A.2d 663 (1978) and *Valley Forge Golf Club, Inc., Tax Appeal,* 3 Pa.Cmwlth. 644, 285 A.2d 213 (1971) we noted that "[w]hile there are no cases directly on point, assessment appeals based on a lack of uniformity seem to be permitted under 72 P.S. § 5453.704." *Id.* at 49. Without further comment, this Court has continued to permit such uniformity determinations to be made during the course of statutory appeals. *See*

*also Gitney v. Berks County Board of Assessment Appeals,* 160 Pa.Cmwlth. 647, 635 A.2d 737 (1993) (the taxpayer appealed from county tax assessment board's decision of reassessment; trial court addressed the taxpayers' constitutional uniformity argument); *Fosko v. Board of Assessment Appeals, Luzerne County,* 166 Pa.Cmwlth. 393, 646 A.2d 1275 (1994) (the board of assessment appeals appealed a decision of the trial court which held that the ratio applied to landowners' property was not uniform). Accordingly, we conclude that the trial court properly determined that an adequate statutory remedy was available to Taxpayers in the present case.[8]

■ Taxpayers' second amended complaint also alleges that Section 415 of the General Assessment Law, 72 P.S. § 5020–415, is unconstitutional on its face because it allows for the separate assessment of coal and surface estates.[9] Taxpayers contend that by treating coal reserves differently from other minerals or natural resources such as natural springs or iron ore deposits, the resulting tax scheme is not uniform. Taxpayers have not alleged, however, any lack of uniformity between the assessment of their coal lands and other, similarly situated coal lands. As we noted earlier, under the Uniformity Clause, a tax must be applied with uniformity upon *similar kinds of businesses or property* and with substantial equality of the tax burden upon all members of the same class. *Lee Hospital.* Because Taxpayers have not adequately alleged a lack of uniformity with regard to similar properties, we agree with the trial court's holding that Taxpayers failed to raise a substantial constitutional question. Consequently, the

7. Essentially, Section 704(b) of the County Assessment Law states that in any appeal of an assessment the trial court shall determine the market value and common level ratio of the property at issue.

8. We note that Taxpayers' second amended complaint avers that similar appeals challenging the assessment of coal lands in the County have been routinely decided in favor of the taxpayers because the Board recognized that the value of coal lands had decreased since the last assessment. Nevertheless, Taxpayers allege that they received decidedly different treatment because their coal

lands represent a major portion of the overall tax base. Clearly, this is the type of issue which the *Albarano* court perceived to be within the realm of the County Assessment Law's appeal procedures.

9. Section 415 of the General Assessment Law provides:

All elected and appointed assessors shall hereafter assess coal and surface separately in cases where the life tenant of land has not the right to operate the coal underlying said surface.

trial court properly refused to exercise its equity jurisdiction.[10]

 Taxpayers' next contention is that the trial court erred in dismissing their challenge to the application of the County Assessment Law. Counts X through XV of Taxpayers' second amended complaint allege that even if the County Assessment Law is found to be constitutional on its face, the County's failure to reassess the subject properties is the result of its deliberate discrimination against Taxpayers in the application of the property tax and is violative of the Pennsylvania and United States Constitutions. A taxpayer who alleges a violation of the Uniformity Clause must show either that there is deliberate discrimination in the application of the tax or that the tax has a discriminatory effect. *City of Lancaster v. Lancaster County,* 143 Pa.Cmwlth. 476, 599 A.2d 289 (1991), *petition for allowance of appeal denied,* 530 Pa. 634, 606 A.2d 903 (1992).

Once again, Taxpayers' second amended complaint lacks adequate averments. Absent are any allegations of inequity in the tax assessments made on Taxpayers' coal lands in relation to assessments on other similarly situated coal lands. Taxpayers merely aver that by following the guidelines of the statute, the County has discriminated against them. Taxpayers cannot contend that their right to equal protection and uniform tax treatment has been violated because of deliberate discrimination in the application of the assessment when they have not asserted that they have been treated differently than other landowners subject to the County Assessment Law.

 Finally, Taxpayers imply that the Board violated their right to procedural due process during the course of their appeal from their 1994 real estate tax assessments. Briefly, Taxpayers assert that the County administration somehow interfered with the Board's decision-making and that Taxpayers were, therefore, denied a fair hearing with an impartial fact-finder. Yet again, Taxpayers argue there is no administrative or statutory

remedy that adequately addresses their claims. We disagree. Undoubtedly, the trial court's *de novo* review of the Board's decision cured any real or perceived due process violations that purportedly occurred during the Board's assessment appeal hearing. *See Consol. Pennsylvania Coal Company v. Board of Assessment Appeals of Greene County,* 151 Pa.Cmwlth. 539, 617 A.2d 852 (1992).

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, October 27, 1995, the order of the trial court sustaining Appellees' preliminary objections is hereby affirmed.

---

10. Moreover, we note that in the case of *Narehood v. Pearson,* 374 Pa. 299, 96 A.2d 895 (1953), the Pennsylvania Supreme Court held that the division of land for tax purposes into surface and

mineral was not arbitrary, discriminatory, illegal or violative of any provision of the federal or state constitutions.