# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| East Stroudsburg Area School District : | |
| : | |
| v. : | No. 371 C.D. 2018 |
| : | ARGUED: September 9, 2019 |
| Meadow Lake Plaza, LLC, Meadow : | |
| Lake Plaza, LLC, Pims Properties, : | |
| L.P., Emily E. Ahnert, et. al., Motel : | |
| Pines, Inc., Miggy's Corp. Six, Robab : | |
| Estates, LLC, Saleme Investment : | |
| Company, Taydan Company, LLC, : | |
| MNA Stroud Realty, LLC, : | |
| Novescor, LLC, M&M Ventures, : | |
| LLC, Braeside Apartments, LLC, : | |
| and Pocono Medical Center, Monroe : | |
| County Board of Assessment : | |
| Revision, Monroe County, East : | |
| Stroudsburg Borough, Middle : | |
| Smithfield Township, Smithfield : | |
| Township, : | |
| Appellants : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                       FILED: October 17, 2019

Meadow Lake Plaza, LLC, Meadow Lake Plaza, LLC, Pims Properties, L.P.,

Emily E. Ahnert, Motel Pines, Inc., Miggy's Corp. Six, Robab Estates, LLC, Saleme

Investment Company, Taydan Company, LLC, MNA Stroud Realty, LLC,

Novescor, LLC, M&M Ventures, LLC, Braeside Apartments, LLC, and Pocono

Medical Center (collectively, Taxpayers) appeal from the order of the Court of Common Pleas of Monroe County (trial court)[1] dated January 30, 2018 in several consolidated cases.[2]

Taxpayers are owners of real property located in the East Stroudsburg School District (School District) in Monroe County (County).[3] The School District filed a petition for review in the trial court from denials by the Monroe County Board of Assessment Revision (Board) of the School District's assessment appeals for the 2016 and 2017 tax years concerning Taxpayers' properties. The School District contended Taxpayers' properties were under-assessed. Taxpayers argued the requested reassessments violated the tax uniformity requirement of the Pennsylvania Constitution[4] because the School District targeted only commercial properties in its assessment appeals.

---

[1] The Honorable Arthur L. Zulick presided.

[2] Upon review of this matter for argument purposes, it appears that the trial court certified this matter for appeal pursuant to Pa. R.A.P. 341 and consolidated the matters. The School District filed only one notice of appeal. Although no party has raised the issue here, a single notice of appeal was improper under our Supreme Court's decisions in *Malanchuk v. Tsimura*, 137 A.3d 1293 (Pa. 2016), *Kincy v. Petro*, 2 A.3d 490 (Pa. 2010) and *Azinger v. Pa. R. Co.*, 105 A. 87 (Pa. 1918) and this Court's decision in *Knox v. SEPTA*, 81 A.3d 1016 (Pa. Cmwlth. 2013). Consolidation is appropriate only in those cases where the parties and the issues are the same ("complete" consolidation). Complete consolidation could not occur here because the parties were not the same in all of the separate actions. Therefore, a single notice of appeal was improper.

[3] The caption in this case also lists the Monroe County Board of Assessment Revision (Board), Monroe County (County), East Stroudsburg Borough (Borough), and Smithfield and Middle Smithfield Townships (Townships) among the Appellants. The Borough has joined in the appellate brief of Appellee, East Stroudsburg Area School District. The Board has filed a notice of non-participation. The record does not reflect any participation by the County or the Townships.

[4] "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, § 1.

2

While the assessment appeals were pending in the trial court, the County began a countywide reassessment. The trial court found the School District's selection of which assessments to appeal was not unconstitutional and the School District could continue pursuing its assessment appeals while the countywide reassessment was underway. The trial court later granted Taxpayers' motion to certify its order for immediate appeal, and accordingly entered the January 30, 2018 order. After thorough review, we affirm.

## I. Background

### A. School District's Selection of Properties for Assessment Appeals

As of 2016, the County had not conducted a countywide real property tax reassessment since 1989. Consequently, many properties in the County, including properties located in the School District, were under-assessed and generating disproportionately low property taxes.

The School District is heavily dependent on local real property tax revenues for its operating funds. *E. Stroudsburg Area Sch. Dist. v. MNA Stroud Realty LLC* (C.C.P. Monroe No. 8354 CV 2015, filed Jan. 30, 2018), slip op. (2018 Op.) at 13. The School District decided to file tax assessment appeals beginning with the 2016 tax year in an attempt to increase revenues.[5] *Id.* at 13 & Finding of Fact (F.F.) No. 6. However, the School District needed to assure that it would be targeting properties for which successful assessment appeals would be likely to generate enough additional tax revenues to justify the costs of the appeals. Reproduced Record (R.R.) at 130a, 134a. After consultation, the School District's Chief

---

[5] The School District is entitled to pursue assessment appeals to the same extent as a property owner: "A taxing district shall have the right to appeal any assessment within its jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment . . . ." 53 Pa.C.S. § 8855.

3

Financial Officer (CFO) and its Solicitor estimated that although each assessment appeal is different, the average cost of an assessment appeal would be about $10,000. 2018 Op., F.F. No. 8; R.R. at 130a, 131a, 134a, 150a, 152a, 154a, 157a, 168a.

To help determine which properties to target for assessment appeals, the School District retained the services of Keystone Realty Advisors, LLC (Keystone). 2018 Op., F.F. No. 7. The School District's CFO and its Solicitor instructed Keystone to identify properties sufficiently under-assessed that each would likely generate at least $10,000 per year in additional real property taxes ($10,000 threshold) in the event of a successful assessment appeal. R.R. at 130a, 134a, 150a-52a.

The School District did not suggest to Keystone that residential properties should be excluded from consideration. 2018 Op., F.F. Nos. 7, 10; R.R. at 132a, 160a-64a. To the contrary, the School District specifically instructed Keystone to look for "any and all properties that would meet [the $10,000] threshold." R.R. at 131a; *see also* 2018 Op. at 13-14; R.R. at 168a, 163a.

Ultimately, Keystone identified a number of properties, all of which were income-generating commercial properties, such as apartment complexes, offices, and restaurants. R.R. at 152a, 167a. However, Keystone did not recommend as a policy that the School District plan to appeal assessments only on commercial properties, nor that the School District refrain from filing assessment appeals on residential properties because of potential political fallout. R.R. at 170a. Had Keystone identified residential properties meeting the $10,000 threshold, the School District would have filed assessment appeals regarding those properties as well. R.R. at 132a-35a, 170a-71a.

4

## B. Issues before the Trial Court

Based on Keystone's identification of properties meeting the $10,000 threshold, the School District filed assessment appeals with the Board. After the Board declined to revise the assessments on the properties at issue, the School District petitioned for review in the trial court. *See*, *e.g.*, R.R. at 6a-9a.

Taxpayers opposed the School District's requested reassessments as unconstitutional on two bases.

### 1. Countywide Non-Uniformity

First, Taxpayers asserted that the County's failure to conduct a full reassessment since 1989 had resulted in such widespread non-uniformity of assessments that the County's continued use of 1989 as the base year[6] for assessments was unconstitutional. Ultimately, the trial court agreed; no party challenges that decision on appeal to this Court.

The trial court concluded the correct remedy normally would be to order a countywide reassessment. However, by the time the trial court issued its decision, a reassessment of all properties in the County was already underway. Taxpayers argued the School District should not be permitted to pursue assessment appeals while the reassessment was pending, but the trial court rejected that argument. The trial court declined to order any relief other than retaining jurisdiction to monitor the progress of the countywide reassessment. 2018 Op. at 17.

---

[6] The "base year" is defined as "[t]he year upon which real property market values are based for the most recent countywide revision of assessment of real property or other prior year upon which the market value of all real property of the county is based for assessment purposes." 53 Pa.C.S. § 8802.

## 2. Uniformity in the School District's Assessment Appeals

Second, Taxpayers contended the School District, in its selection of properties for assessment appeals, created an unconstitutionally non-uniform subclass of taxpayers by targeting solely commercial properties, in violation of our Supreme Court's holding in *Valley Forge Towers Apartments N, LP v. Upper Merion Area School District*, 163 A.3d 962 (Pa. 2017). In *Valley Forge*, the Court found tax assessment appeals that deliberately targeted only commercial properties created impermissible subclasses of taxpayers or properties, resulting in unconstitutional non-uniformity of taxes. Taxpayers argued the School District's use of the $10,000 threshold was non-uniform because the School District here, as in *Valley Forge*, chose to exclude residential properties from its assessment appeals. Alternatively, Taxpayers argued that even if facially neutral, the $10,000 threshold was unconstitutional as applied, because it had the non-uniform effect of applying only to commercial properties.

At a hearing in the trial court, the School District offered testimony from its CFO explaining that its selection of properties for assessment appeals arose solely from its monetary cost-benefit analysis in consultation with its Solicitor and Keystone. The trial court specifically found the testimony of the School District's CFO to be credible. 2018 Op. at 14.

In opposition, Taxpayers sought to raise an inference that the $10,000 threshold was a pretext and that the School District was, in reality, deliberately exempting residential properties from its assessment appeals. Taxpayers presented tax cards for two residential properties in the School District that Taxpayers argued were sufficiently under-assessed to meet the $10,000 threshold for assessment appeals. R.R. at 177a-81a, 366a-71a. However, on cross-examination, Taxpayers'

6

witness, the County's chief assessor and tax claim officer, acknowledged that Taxpayers' argument concerning those two properties was based solely on the properties' deed prices; that deed price is just one factor in determining the correct assessment; and that the County does not change an assessment based only on deed price. R.R. at 182a-83a. By contrast, Keystone examined multiple factors in its property analyses for the School District. R.R. at 185a-88a.

Taxpayers also pointed to school board finance committee meeting minutes noting one committee member's question concerning whether any of the School District's assessment appeals involved residential properties. R.R. at 158a, 265a. Additionally, Taxpayers noted that although there were school board minutes reflecting approval of Keystone's contract with the School District, no meeting minutes memorialized any formal board action approving the $10,000 threshold. R.R. at 143a-44a, 151a; *see also* R.R. at 168a-69a. Taxpayers further contended that Keystone or the School District "missed" several properties meeting the $10,000 threshold; the School District disputed that it "missed" any residential properties. *See* R.R. at 133a, 135a, 160a-62a.

The trial court rejected Taxpayers' evidence as insufficient to support their assertion. Having accepted the School District's evidence as credible, the trial court found as a fact that the School District based its selection of properties for assessment appeals solely on cost-effectiveness and neither targeted nor excluded any particular category of properties.

The trial court determined that *In re Appeal of Springfield School District*, 101 A.3d 835 (Pa. Cmwlth. 2014), *overruled in part on other grounds by Valley Forge*, in which this Court approved the use of purely monetary criteria in choosing properties for assessment appeals, applied in this case. The trial court reasoned that

7

*Valley Forge* tacitly approved the use of such criteria as well. The trial court therefore concluded the School District's use of the $10,000 threshold, a purely monetary criterion, in choosing properties to target for assessment appeals was constitutionally permissible.

The trial court also rejected Taxpayers' related argument that the $10,000 threshold was unconstitutional as applied because it had the effect of identifying only commercial properties for assessment appeals. The trial court reasoned that *Valley Forge* did not invalidate a taxing district's statutory right to file assessment appeals, and there must be some constitutional means of choosing which assessments to appeal. The trial court concluded the School District's blind $10,000 threshold was constitutional.

This appeal by Taxpayers followed.

## II. Issues

On appeal,[7] Taxpayers reassert their argument that the School District's use of the $10,000 threshold in selecting properties for assessment appeals created an unconstitutionally non-uniform subclass of taxpayers. Taxpayers insist that because the School District selected only commercial properties for assessment appeals, its selection process was unconstitutional either facially or as applied.

Taxpayers also renew their contention that because the trial court found the County's continued use of a 1989 base year for tax assessments unconstitutional, the School District's appeals of the current assessments are improper. Therefore, Taxpayers argue that even if the $10,000 threshold is a permissible criterion in

---

[7] This Court's review of the trial court's decision in a property tax assessment appeal is limited to a determination of whether the trial court abused its discretion, committed an error of law, or made findings of fact not supported by substantial evidence. *Maula v. Northampton Cty. Div. of Assessment*, 149 A.3d 442 (Pa. Cmwlth. 2016) (*en banc*).

8

selecting assessments to appeal, the School District cannot pursue any assessment appeals until the countywide reassessment is completed.

### III. Discussion

### A. Propriety of the $10,000 Threshold for Assessment Appeals

In *Springfield*, this Court considered a tax assessment appeal similar to the appeals at issue here. The school district in *Springfield* chose to appeal assessments where there was an estimated potential tax revenue gain of $9,000 to $11,000 per year – notably comparable to the $10,000 threshold applied by the School District here.[8] Like the $10,000 threshold here, the monetary threshold applied in *Springfield* resulted in assessment appeals affecting commercial properties. However, this Court held that such a result did not warrant a conclusion that the selection of properties for assessment appeal based on a monetary threshold was unconstitutionally non-uniform. However, we also reasoned that a decision to appeal assessments only relating to commercial properties would not create an impermissibly non-uniform subclass of taxpayers or properties.

Subsequently, in *Valley Forge*, a group of taxpayers challenged a school district's decision to appeal assessments of commercial properties but not residential properties. The school district focused solely on commercial properties, based on a general perception that their values were usually higher than the values of residential properties, and further, that appeals of assessments on residential properties would be politically unpopular. Our Supreme Court agreed with the taxpayers that such

---

[8] Taxpayers attempt to distinguish *Springfield*, arguing that it concerned a single assessment appeal. Taxpayers suggest the use of a monetary threshold in selecting a single property for an assessment appeal is permissible, but applying the same monetary threshold in multiple selections of properties is unconstitutional. *See* Br. for Appellants at 27 n.8; R.R. at 91a-92a. We reject the contention that the number of properties involved, *i.e.*, the size of the alleged subclass of taxpayers, would alone validate or invalidate the application of a blind monetary threshold.

9

discrimination between property classifications created impermissible subclasses that were unconstitutionally non-uniform. The Court also overruled *Springfield* to the extent that this Court had approved selections of properties for assessment appeals based on their commercial or residential character. Specifically, the Court held that "a taxing authority is not permitted to implement a program of only appealing the assessments of one sub-classification of properties, where that sub-classification is drawn according to property type – that is, its use as commercial, apartment complex, single-family residential, industrial, or the like."[9] *Valley Forge*, 163 A.3d at 978.

Of significance here, however, our Supreme Court in *Valley Forge* expressly noted that unlike a selection based on the commercial or residential character of a property, a taxing district's choice to pursue assessment appeals based on financial criteria would not necessarily offend the uniformity provision of the Pennsylvania Constitution:

> Our disapproval of *Springfield*'s interpretation of this Court's precedent should not be equated to disagreement with the result it reached. In *Springfield*, the property owners challenged a school district's policy of using of [*sic*] a monetary threshold to decide which properties to appeal. . . . They did not allege a scheme involving disparate treatment of property sub-classifications drawn according to property type or the status of its owner as a resident or non-resident of the taxing district.

*Valley Forge*, 163 A.3d at 975 n.13. Further, the Court took pains to observe "that nothing in [the *Valley Forge*] opinion should be construed as suggesting that the use of a monetary threshold – such as the one challenged in *Springfield* – or some other

---

[9] For example, in *Weissenberger v. Chester County Board of Assessment Appeals*, 62 A.3d 501 (Pa. Cmwlth. 2013), a group of school districts selecting properties for assessment appeals "hired a consultant to evaluate a different class each year, one year looking at shopping centers, then apartment complexes, with other evaluations expected each year in the future." *Id.* at 507. *Valley Forge* implicitly disapproved property selections like those in *Weissenberger*.

10

selection criteria would violate uniformity if it were implemented without regard to the type of property in question or the residency status of its owner." *Id.* at 979.

Here, the trial court concluded that our holding in *Springfield* and the quoted portions of *Valley Forge* supported the School District's position that the $10,000 threshold is constitutional. We agree. Contrary to Taxpayers' argument, we find nothing in our Supreme Court's analysis in *Valley Forge* that precludes application of a reasonable monetary threshold for assessment appeals, based on an estimate of the minimum potential revenue gain that will make a tax assessment appeal cost-effective. Indeed, a taxing district's selection of a property for an assessment appeal that failed to take into account whether the appeal was likely to be cost-effective might well be fiscally irresponsible.

Taxpayers also challenge the School District's assertion that it relied on the $10,000 threshold alone. They argue that the $10,000 threshold, even if facially neutral, resulted in assessment appeals affecting only commercial properties. They suggest that the District intentionally used the $10,000 threshold as a pretext to avoid selecting any residential properties for assessment appeals.

Like the trial court, we reject this assertion by Taxpayers.

The trial court was the finder of fact in this case. As such, it maintained exclusive province over the credibility of witnesses and the weight of the evidence. *In re Penn-Delco Sch. Dist.*, 903 A.2d 600 (Pa. Cmwlth. 2006), *appeal denied*, 921 A.2d 499 (Pa. 2007). The trial court was free to believe all, some, or none of the evidence presented, to make all credibility determinations, and to resolve all conflicts in the evidence. *Boro Constr., Inc. v. Ridley Sch. Dist.*, 992 A.2d 208 (Pa. Cmwlth. 2010).

This Court is prohibited from making contrary credibility determinations or reweighing the evidence. *Penn-Delco*. We are bound by the findings of the trial court that have adequate support in the record, so long as those findings do not reflect capricious disregard of competent and credible evidence. *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 812 A.2d 478 (Pa. 2002). Capricious disregard occurs only when the fact-finder deliberately ignores relevant, competent evidence. *Id.*

Here, the trial court credited testimony that the School District's CFO and its Solicitor concluded the $10,000 threshold was the minimum potential gain that would make an assessment appeal cost-effective for any property. The trial court likewise credited testimony that the School District relied on Keystone to identify properties meeting the $10,000 threshold; that Keystone was instructed to search for any and all properties meeting that threshold; and that the School District would have filed assessment appeals relating to residential properties as well as commercial properties, had Keystone identified any residential properties as meeting the $10,000 threshold. That testimony constituted substantial evidence supporting the trial court's factual findings.

The trial court also properly rejected Taxpayers' evidence as insufficient. Citing *Finter v. Wayne County Board of Assessment Appeals*, 889 A.2d 678 (Pa. Cmwlth. 2005) and *Albarano v. Board of Assessment & Revision of Taxes & Appeals*, 494 A.2d 47 (Pa. Cmwlth. 1985), the trial court found Taxpayers' presentation of tax cards showing assessments and sale prices were legally insufficient to support a finding of market values of the residential properties allegedly meeting the $10,000 threshold. 2018 Op. at 15. We agree with the trial court's legal conclusion. *Accord Springfield* (taxpayer offering evidence of

12

assessments and sale prices of other properties could not sustain burden of proving market value of the other properties as a matter of law, because taxpayer gave court no information on which to base a finding of the other properties' market values) (citing *Finter* and *Albarano*). Further, as the trial court observed, even assuming there were residential properties that met the $10,000 threshold, Taxpayers offered no evidence that the School District knowingly failed to file assessment appeals regarding any such properties. *See* 2018 Op. at 15.

Additionally, we agree with the trial court that the $10,000 threshold is not unconstitutional as applied. Taxpayers cite no supporting authority for their argument, asserting that the issue is one of first impression. However, as the trial court observed, our Supreme Court in *Valley Forge* did not invalidate the statute authorizing assessment appeals by taxing districts. 2018 Op. at 14. Moreover, the use of a reasonable blind monetary screen such as the $10,000 threshold was expressly approved by this Court in *Springfield* and implicitly approved by our Supreme Court in *Valley Forge*. We conclude that the $10,000 threshold is reasonable and does not violate the uniformity requirement of the Pennsylvania Constitution, despite the fact that in this particular instance, only commercial properties in the School District met that threshold.

### B. Assessment Appeals During Countywide Reassessment

In their alternative argument, Taxpayers assert that even if the $10,000 threshold is a permissible criterion for the School District's selection of properties for assessment appeals, the School District's pending assessment appeals concerning Taxpayers' properties should still be dismissed. Because the trial court determined that continued use of the 1989 base year by the County would be unconstitutional, Taxpayers contend any appeal by the School District that would require application

of the 1989 base year would likewise be unconstitutional. Therefore, Taxpayers argue the School District can no longer pursue its assessment appeals against their properties. We discern no merit in this argument.

The trial court reasoned that eliminating assessment appeal rights during the pendency of the countywide reassessment would improperly "take away the rights of landowners who are over-assessed to obtain a reduction during that time period. It will also prevent a school district from identifying properties which are under-assessed and bringing them closer to the county mean ratio." *E. Stroudsburg Area Sch. Dist. v. Novescor, LLC* (C.C.P. Monroe No. 8369 CV 2015, filed Jan. 10, 2017), slip op. at 18. We agree.

As noted above, the School District has a statutory right to appeal the assessment of any property within its jurisdiction "in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment . . . ." 53 Pa.C.S. § 8855. Taxpayers argue that property owners are entitled to pursue assessment appeals despite the pendency of the countywide reassessment, but the School District is not entitled to do so. Br. for Appellants at 31. In light of their acknowledgment that property owners can continue to pursue appeals of assessments made under the 1989 base year, Taxpayers will not be heard to argue that the School District lacks a similar right. Further, Taxpayers' suggestion that property owners may seek reassessments to *reduce* their taxes under the previously-applicable base year while a countywide reassessment is underway, but a taxing district may *not* seek reassessments to *increase* property owners' taxes, is facially inequitable and contrary to the School District's statutory right of appeal under 53 Pa.C.S. § 8855.

14

## IV. Conclusion

Based on the foregoing discussion, we affirm the trial court's orders.


_____
ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

East Stroudsburg Area School District :
                                     :
           v.                       :   No. 371 C.D. 2018
                                       :

Meadow Lake Plaza, LLC, Meadow :
Lake Plaza, LLC, Pims Properties, :
L.P., Emily E. Ahnert, et. al., Motel :
Pines, Inc., Miggy's Corp. Six, Robab :
Estates, LLC, Saleme Investment :
Company, Taydan Company, LLC, :
MNA Stroud Realty, LLC, :
Novescor, LLC, M&M Ventures, :
LLC, Braeside Apartments, LLC, :
and Pocono Medical Center, Monroe :
County Board of Assessment :
Revision, Monroe County, East :
Stroudsburg Borough, Middle :
Smithfield Township, Smithfield :
Township, :
                    Appellants     :

# **O R D E R**

AND NOW, this 17th day of October, 2019, the orders of the Court of Common Pleas of Monroe County are AFFIRMED.

 

_____
ELLEN CEISLER, Judge