IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael A. Songer and Linda Songer  :
 :
      v.  :
 :
Cameron County Board of  :  No. 127 C.D. 2016
Assessment Appeal  :  Submitted: April 6, 2017
 :
      v.  :
 :
Cameron County School District,  :
          Appellant  :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge[1]
               HONORABLE DAN PELLEGRINI, Senior Judge[2]


OPINION BY
SENIOR JUDGE PELLEGRINI           FILED: November 21, 2017


       Cameron County School District (school district) appeals from the order of the Court of Common Pleas of the 59th Judicial District, Cameron County Branch (trial court) finding that the Cameron County Board of Assessment Appeal (Board) failed to make out a *prima facie* case for the validity of the real estate tax assessments of Michael A. Songer and Linda Songer (collectively, Taxpayers) and

---

      [1] This case was argued before a panel of the Court that included former Judge Julia K. Hearthway. Because Judge Hearthway's service on the court ended September 1, 2017, this matter was submitted on briefs to Judge Wojcik as a member of the panel.

      [2] This opinion was reassigned to the authoring judge on October 30, 2017.

ordering the pre-improvement assessments be placed on the tax parcels in question. We reverse.

## I.

Taxpayers own property located at 923 Sizerville Road, Emporium, Pennsylvania (Property), which consists of three contiguous tax parcels identified for the purpose of this appeal as Parcels 4, 5 and 7.[3] On those parcels is a two-story commercial building with a retail hardware store on the first floor with a second-floor residence, as well as lumber storage and steel material storage buildings. Although these buildings are primarily located on Parcels 4 and 7, parts of them encroach on Parcel 5.

On July 11, 2012, due to new construction, Taxpayers received notice from the Cameron County Assessment Office (Assessment Office) that the Property's tax assessment increased. Taxpayers appealed the assessments for Parcels 4 and 7 to the Board, but chose not to appeal the assessment for Parcel 5. Following a hearing,[4] the Board denied the appeal for Parcel 4's assessed value,

---

[3] Specifically, 7-48-0-005-004-000 (Parcel 4), No. 7-48-0-005-005-000 (Parcel 5), and 7-48-0-007-000-000 (Parcel 7).

[4] Taxpayers could have challenged that the assessment was incorrect because it included improvements that were not on the tax parcel in question. They initially should have done so before the Board but because the appeal is *de novo*, they could have raised the issue that the assessment is incorrect before the trial court by establishing that those properties were improperly included in the assessment. Of course, a taxpayer still needs to produce evidence of the fair market value of the property.

2

which changed from $500 to $31,090, and revised Parcel 7's assessed value, which changed from $38,600 to $114,600.[5] Taxpayers appealed.

At a hearing before the trial court, to establish its *prima facie* case for the validity of the assessment, assessment records for Parcels 4 and 7 were introduced into evidence without objection. Those property cards confirmed that Parcels 4 and 7 were reassessed in 2012 and that their valuations remained consistent in the following years. No objection was made that those records failed to establish a *prima facie* case.

To overcome the *prima facie* validity of the assessments, Taxpayers offered an expert appraiser who, while disputing that the assessments for Parcels 4 and 7 should be increased, opined that Parcel 4's valuation should only be increased to $20,000 and Parcel 7's valuation should only be increased to $140,000. The school district also offered testimony from its expert appraisers regarding their respective appraisals for Parcels 4 and 7 supporting the Board's assessment, which is consistent with the assessment records introduced into evidence.

For differing reasons, the trial court wholly rejected the expert appraisers' testimonies and their appraisals because each "suffered from material defects which discredited the appraisals to the point where the Court cannot find

---

[5] Cameron County's predetermined ratio was 50% for 2012, corresponding to a fair market value of $62,180 for Parcel 4 and $229,200 for Parcel 7.

either to be competent and relevant." (Trial Court's Memorandum and Findings of Fact at 3.) The trial court further explained:

> 26. **Neither . . . appraisals were competent and credible evidence** upon which the Court could determine the value of the property at issue, namely, Parcels 4 and 7. **Both appraisals were fundamentally flawed and cannot be attributed any evidentiary weight**.

(Trial Court's Memorandum and Findings of Fact at 26) (emphasis added).

Not only did the trial court find that no credible evidence was introduced by anyone, the trial court also went on to find that the school district failed its initial burden of establishing a *prima facie* case. While assessment records had been introduced, the trial court, without citation to any authority and without Taxpayers ever challenging that the introduction of assessment records did not make out a *prima facie* case, held that the "the Board in this case did not establish the *prima facie* validity of the assessment at issue by substantial evidence in the presentation of the county assessment records into evidence." (Trial Court's Memorandum and Findings of Fact at 3.) Because there were certain notations on the property cards relating to Parcel 5, the trial court then went on to reject those records as *prima facie* evidence because:

> 27. The evidence presented demonstrates that the **Board was unable to meet its initial burden of presenting a *prima facie* case as to the assessments of Parcel 4 and Parcel 7.** While only Parcels 4 and 7 were at issue, improvements made to Parcel 5 were included in the assessments of Parcels 4 and 7. Consequently, while property records were introduced, **there was no *prima***

4

> *facie* **demonstration that the assessed values were for Parcels 4 and 7.**

(Trial Court's Memorandum and Findings of Fact at 27) (emphasis added).

Even though Taxpayers' expert appraiser opined that the assessments for Parcels 4 and 7 should be increased and ignored that substantial improvements were made to the Property, the trial court ordered that both parcels should be assigned their pre-2012 and pre-improvement fair market valuations. This appeal followed.[6]

## II.

On appeal, the school district contends that the trial court erred when determining that the Board failed to establish a *prima facie* case for the validity of its assessments given that it introduced the tax assessment records for Parcels 4 and 7 thereby shifting the burden to Taxpayers to overcome the assessment's *prima facie* validity.

## A.

The taking of a tax assessment appeal is governed by Section 8854 of the Consolidated County Assessment Law,[7] 53 Pa.C.S. § 8854. It provides that

---

[6] Our review of a tax assessment case is limited to determining whether the trial court abused its discretion, committed an error of law or whether its findings of fact are supported by substantial evidence. *Willow Valley Manor, Incorporated v. Lancaster County Board of Assessment Appeals*, 810 A.2d 720 (Pa. Cmwlth. 2002), *appeal denied*, 819 A.2d 549 (Pa. 2003).

[7] 53 Pa.C.S. §§ 8801–8868.

"[f]ollowing an appeal to the board, any appellant, property owner or affected taxing district **may appeal the board's decision** to the court of common pleas in the county in which the property is located . . ." 53 Pa.C.S. § 8854(a)(1). This provision then goes on to state that "[i]n any appeal by a taxable person from an action by the board, the board shall have the power and duty to present a *prima facie* case in support of its assessment . . . ." 53 Pa.C.S. § 8854(a)(6). An "assessment" is defined as "Assessed value," which is defined as "The assessment placed on real property by a county assessment office upon which all real estate taxes shall be calculated." 53 Pa.C.S. §8802 (emphasis added). In other words, a number reflecting the value of the property.

### B.

A *prima facie* case is part of the burden shifting that takes place in a tax assessment appeal and requires assessment records to be introduced into evidence. Once presented, "the admission into evidence of the assessment records establishes a *prima facie* case for establishing the validity of the assessed value of a property." *Craftmaster Manufacturing, Inc. v. Bradford City Board of Assessment Appeals*, 903 A.2d 620, 625 (Pa. Cmwlth. 2006) (citing *Deitch Company v. Board of Property Assessment*, 209 A.2d 397, 402 (Pa. 1965)) (emphasis added). In *Albarano v. Board of Assessment & Revision of Taxes & Appeals, Lycoming County*, 494 A.2d 47 (Pa. Cmwlth. 1985), a taxpayer contended that a *prima facie* case was not established even though the taxing authority introduced assessment records into evidence without objection. We rejected that taxpayer's contention, explaining:

6

> We shall first consider Appellant's contention that the Board failed to sustain its burden of making out a prima facie case on the validity of its assessment. The Board introduced into evidence its assessment record without objection from Appellants. This, without more, was sufficient to satisfy the Board's burden of establishing the prima facie validity of its assessment. *United States Steel Corp. Tax Assessment Case*, 260 A.2d 779 (Pa. 1970).

*Albarano*, 494 A.2d at 48-49.

In this case, the Board's assessment records were introduced into evidence without objection. Moreover, nowhere in the transcript is there any argument made that the *prima facie* case was overcome because those records were defective in any way. In fact, Taxpayers' position statement filed with the trial court conceded that the school district made out a *prima facie* case.[8] By introducing the assessment records, a *prima facie* case was established.

## C.

Once the Board established the *prima facie* validity of its assessment by placing its assessment record into evidence, the burden then shifted to Taxpayers to produce sufficient competent, credible and relevant evidence to overcome the assessment's *prima facie* validity. *Deitch Company*, 209 A.2d at

---

[8] Taxpayers' position statement states, in relevant part, "In the current case, presumably the chief assessor established a prima facie case for the validity of the assessment. Consequently, for appellants [sic] to overcome the validity the Court must find that appellant's expert witness . . . as well as his appraisals are credible, relevant, and sufficient relative to the respective fair market values [he] provided." (Record (R.) Item No. 15, Appellants' Position at 3.)

402. Given that *prima facie* evidence is a fact presumed to be true unless it is rebutted by contrary evidence, and because the charge of the trial court is to determine fair market value, a taxpayer then carries the burden of presenting "sufficient, competent, credible and relevant evidence **of the fair market value of the property** to rebut the validity of the assessment." *Expressway 95 Business Center, LP v. Bucks County Board of Assessment*, 921 A.2d 70, 76 (Pa. Cmwlth. 2007) (emphasis added). Moreover, as we stated in *Craftmaster Manufacturing*, to overcome the presumption:

> It is not enough to merely present evidence from a qualified expert. The evidence must be *sufficient to rebut* the validity of the assessment which means **the evidence must** be (1) **believed** in the sense that the trial court accepts the veracity of the expert based on, for example, his demeanor; and (2) **relevant and competent** in the sense that it is not dubious, but legally and factually sound so that **it is of practical value to the court in its effort to arrive at the fair market value**.

903 A.2d at 627 (emphasis added).

Because Taxpayers entirely failed to offer any credible, competent and/or relevant testimony and, more specifically, did not offer any evidence as to the actual fair market value of Parcels 4 and 7, they could not have rebutted the school district's *prima facie* case. *Deitch Company*, 209 A.2d at 402.

Accordingly, for the foregoing reasons, we reverse the trial court's order and remand the matter to the trial court with instructions to affirm both

8

determinations of the Board, which denied Taxpayers' appeal for Parcel 4 but revised Parcel 7's assessed value.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael A. Songer and Linda Songer   :
                                      :
                  v.                  :
                                      :
Cameron County Board of               :   No. 127 C.D. 2016
Assessment Appeal                     :
                                      :
                  v.                  :
                                      :
Cameron County School District,       :
                  Appellant           :


# **O R D E R**


AND NOW, this 21st day of November, 2017, it is hereby ordered that the order of the Court of Common Pleas of the 59th Judicial District, Cameron County Branch, dated December 23, 2015, is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.


Jurisdiction relinquished.


_____
DAN PELLEGRINI, Senior Judge