# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| John Pierce and Millicent Pierce, his wife | : |
| | : |
| v. | : No. 239 C.D. 2018 |
| | : ARGUED: October 16, 2018 |
| Greene County Board of Assessment | : |
| Appeals, Greene County, Cumberland | : |
| Township and Carmichaels Area School | : |
| District | : |
| | : |
| Appeal of: Greene County Board of | : |
| Assessment Appeals | : |

BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: November 9, 2018**


The Greene County Board of Assessment Appeals (Board) appeals from an order of the Court of Common Pleas of Greene County (trial court) granting the assessment appeal of John and Millicent Pierce (Taxpayers) and finding the assessed value of their property at 179 Kurans Road, Carmichaels, Pennsylvania (tax parcel No. 05-05-135) to be $406,130 for tax year 2017 and $403,630 for 2018.[1]  We affirm.

The background of this matter is as follows.  For tax year 2017, the Board assessed the property at $493,750 (land-$27,260 and building-$466,490)

---

[1] Neither Cumberland Township nor the Carmichaels Area School District has participated in this matter.

based on a March 2016 consent order setting the 2016 assessed value at $493,750 "upon agreement of the parties." (October 16, 2017, Hearing, County Exhibit 1; Reproduced Record "R.R." at 83.)[2] The assessed value was the result of taking the agreed-upon fair market value (FMV) of $625,000 and multiplying it by the common level ratio (CLR) of .79, which was in effect at the time the Taxpayers filed their June 2015 appeal. (*Id.*, Notes of Testimony "N.T." at 24-25; R.R. at 53-54.) In their August 2016 appeal to the Board, the Taxpayers argued that because the CLR for the 2017 tax year had decreased from .79 to .678, the latter should be applied. The Board disagreed and the Taxpayers' November 2016 appeal to the trial court followed.

At the October 2017 hearing before the trial court, counsel for the Taxpayers stated at the outset that the 2018 tax year was also at issue.[3] Only the Chief Assessor for the County testified. On direct examination, she referenced the March 2016 consent order, County Exhibit 1, in support of a FMV of $625,000, thereby arriving at an assessed value of $493,750 for the 2017 tax year. (*Id.* at 18-19; R.R. at 47-48.) On cross-examination, she conceded that as the result of a Clean

---

[2] Although this exhibit appears in the reproduced record as an attachment to another document, the Board, unfortunately, did not include all of the exhibits in the reproduced record. However, all of the exhibits appear in the original record.

[3] Section 8854(a)(5) of the Consolidated County Assessment Law provides:

> If a taxpayer or taxing district has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the appellant on the subject property for any valuation for any assessment subsequent to the filing of an appeal with the board and prior to the determination of the appeal by the board or the court. This provision shall be applicable to all pending appeals as well as future appeals.

53 Pa. C.S. § 8854(a)(5).

and Green discount,[4] the County had issued an October 2016 change of assessed value notice for 2017, thereby reducing the assessed value of the property to $476,130 (land-$9640 and building-$466,490).[5]  (*Id*. at 22-23; R.R. at 51-52.)  She did not reference assessment records for the 2018 tax year.

Ultimately, the trial court found the Chief Assessor's testimony to be credible and accepted her concession that the FMV of the property at the time of the October 2017 hearing had been agreed to as $625,000, although she testified that she had originally determined a different FMV and the $625,000 was a compromise. Importantly, the trial court relied upon the fact that both parties' counsel agreed to $625,000 as the FMV at the time of the August 2016 appeal and the October 2017 hearing.  In fact, the trial court stated numerous times on the record that the parties stipulated that the FMV of $625,000 had not changed since the 2015 agreement culminating in the consent order,[6]  and counsel for the Board did not object to or disagree with those comments by the court, nor with the court's conclusion that the only issue before it was application of the respective CLRs for the tax years at issue. Counsel for the Board's sole argument was that the Taxpayers had to show a change in FMV in order to be entitled to the benefit of a change in the CLR from one year to the next.  Necessarily, that argument had to be predicated on a FMV that had not changed.

---

[4] The Clean and Green Program is a preferential tax assessment program authorized by the Pennsylvania Farmland and Forest Land Assessment Act of 1974, commonly known as the Clean and Green Act, Act of December 19, 1974, P.L. 973, *as amended*, 72 P.S. §§ 5590.1-5490.13.  "In order to encourage conservation the Clean and Green Program often 'provides a lower tax rate appropriate for land devoted to farming and forest reserve purposes' by enabling landowners to apply for preferential assessments." *Feick v. Berks Cty. Bd. of Assessment Appeals*, 720 A.2d 504, 505 (Pa. Cmwlth. 1998).

[5] (October 16, 2017, Hearing, Taxpayers' Exhibit 1.)

[6] (*Id*., N.T. at 17-18, 25-26, 28, and 36-39; R.R. at 46-47, 54-55, 57, and 65-69.)  Although the reproduced record does not include a page sixty-six, the transcript page numbering is consecutive and the entire transcript appears to be included in the reproduced record.

3

For the 2017 tax year, the trial court reasoned that because the Board did not dispute the Taxpayers' claim that the CLR applicable to the original appeal was .678, the initial assessed value of the property was $423,750. In addition, because the Board did not dispute application of the Clean and Green discount, the court found the final assessment for the 2017 tax year to be $406,130.

For tax year 2018, the trial court stated that it was using $625,000 as the FMV based on the Chief Assessor's testimony. Accordingly, the court applied the undisputed CLR of .674 and found the initial assessment to be $421,250. In addition, applying the undisputed Clean and Green discount, the court found the final assessment for 2018 to be $403,630. (February 2, 2018, Opinion at 3; R.R. at 76.) The Board's appeal followed.[7]

On appeal, the Board raised the following issues: (1) whether the trial court erred in determining that the Taxpayers established the FMV of the subject property for 2017 and 2018; (2) whether the trial court erred in accepting a stipulated settlement from a previous year's litigation as sufficient evidence to establish the FMV in a subsequent year's appeal; and (3) whether the Taxpayers had the burden of establishing that the assessed value had changed before entitlement to a new CLR. We first recite the pertinent law, procedure, and the respective burdens.

Section 8844(c)(1) of the Consolidated County Assessment Law (Law) provides, in relevant part, that "[a]ny person aggrieved by any assessment, *whether or not the value thereof shall have been changed since the preceding annual assessment* . . . may appeal to the board [of assessment appeals] for relief." 53 Pa.

---

[7] Our review, based on the issues before us, is limited to determining whether the trial court committed an error of law, or found facts not supported by substantial evidence. *Green v. Schuylkill Cty. Bd. of Assessment Appeals*, 772 A.2d 419 (Pa. 2001). As to legal issues, we exercise plenary review. *Valley Forge Towers Apts. N., LP v. Upper Merion Area Sch. Dist. & Keystone Realty Advisors, LLC*, 163 A.3d 962, 969 (Pa. 2017).

4

C.S. § 8844(c)(1) (emphasis added). "Following an appeal to the board, any appellant, property owner or affected taxing district may appeal the board's decision to the court of common pleas in the county in which the property is located . . . ." 53 Pa. C.S. § 8854(a)(1). Pursuant to that *de novo* procedure,[8] "the board shall have the power and duty to present a *prima facie* case in support of its assessment . . . ." 53 Pa. C.S. § 8854(a)(6). "A *prima facie* case is part of the burden shifting that takes place in a tax assessment appeal and requires assessment records to be introduced into evidence." *Songer v. Cameron Cty. Bd. of Assessment Appeal*, 173 A.3d 1253, 1256 (Pa. Cmwlth. 2017), *appeal denied*, 186 A.3d 944 (Pa. 2018). Once the board introduces evidence of its assessment record without objection, it establishes the *prima facie* validity of the assessed value of the property. *Id.* The burden then shifts to the taxpayer "to produce sufficient competent, credible and relevant evidence to overcome the assessment's *prima facie* validity." *Id.* at 1257.

Subsequently, the trial court as the factfinder is charged with determining FMV.[9] *Id.* In so doing, the Law provides that it shall make the following determinations:

> (i) The market value as of the date the appeal was filed before the board. In the event subsequent years have been made a part of the appeal, the court shall determine the market value for each year.
>
> (ii) The [CLR] which was applicable in the original appeal to the board. In the event subsequent years have been made a part of the appeal, the court shall determine the applicable [CLR] for each year published by the State

---

[8] *In re Koppel Steel Corp. v. Bd. of Assessment Appeals of Beaver Cty.*, 849 A.2d 303, 307 (Pa. Cmwlth. 2004).

[9] The trial court has the discretion to determine the weight of the evidence and credibility of the witnesses. *Blanda v. Somerset Cty. Bd. of Assessment Appeals*, 131 A.3d 560, 564 n.9 (Pa. Cmwlth. 2016).

Tax Equalization Board on or before July 1 of the year prior to the tax year being appealed.

53 Pa. C.S. § 8854(a)(2)(i) and (ii). Once the trial court determines the FMV, Section 8854(a)(3) of the Law requires it to apply a CLR[10] to arrive at the assessed value of the subject property. *Harley-Davidson Motor Co. v. Springettsbury Twp.*, 124 A.3d 270, 287 (Pa. 2015). "[D]espite any inherent weaknesses, [the CLR] is an accepted calculation of the common level existing in the district and the standard against which the taxpayer's assessment ratio should be measured for uniformity purposes." *Smith v. Carbon Cty. Bd. of Assessment Appeals*, 10 A.3d 393, 406 (Pa. Cmwlth. 2010).

As an initial matter, even though the Board offered the Chief Assessor's testimony to establish *prima facie* evidence of the assessment for tax year 2017, the latest assessment record for 2017, as well as the record for 2016, were introduced into evidence by the Taxpayers.[11] In any case, on appeal the Board argues that "inherent in the statute is the requirement that expert evidence must be presented to establish [FMV] as of the date that the matter was heard before the . . . Board." (Board's Brief at 8.) The Board did not make this argument at the time of the hearing. Indeed, after one of the trial court's many statements that there was an agreement on value, the Taxpayers' counsel stated that he therefore did not need to present an expert witness on the issue of FMV, to which counsel for the Board voiced no disagreement. Nonetheless, any argument that the Taxpayers cannot establish FMV via stipulation during the Board's case is without merit. The parties stipulated

---

[10] If the CLR is within 15% of the predetermined ratio, the predetermined ratio is applied rather than the CLR. It is undisputed that this is not the case here.

[11] The term "assessment" is defined as "assessed value." 53 Pa. C.S. § 8802. An "assessed value" is defined as "[t]he assessment placed on real property by a county assessment office upon which all real estate taxes shall be calculated." *Id.* Interestingly, no one introduced the assessment for 2018, although that tax year was also at issue, so arguably the Board did not establish a *prima facie* case as to that year. As no such issue has been raised, we do not address it.

6

as to the FMV as to the date of the appeal and subsequent hearing before the trial court. Accordingly, the trial court was bound to apply the applicable CLRs to the stipulated value pursuant to Section 8854(a)(3) of the Law.

In addition, the Board maintains that the Taxpayers had to establish that the FMV changed in 2017 in order to receive the applicable CLR for that year. However, Section 8844(c)(1) expressly provides that regardless of whether the value has changed since the preceding annual assessment, any aggrieved person may appeal to the board for relief. 53 Pa. C.S. § 8844(c)(1). Given the fact that those engaged in the statutory appeal process must proceed in strict accordance with the governing legislation,[12] the trial court did not err in mechanically applying the 2017 and 2018 CLRs pursuant to 53 Pa. C.S. § 8854. Nothing in the Law suggests that a change in FMV must occur before the current year's CLR is applied. As the trial court observed at the hearing, "if the [CLR] changes . . . the assessment number changes based on the same [FMV]" because assessed value is FMV times CLR. (N.T. at 7; R.R. at 36.) In this regard, it is worth noting that the reason the CLR is used is to provide uniformity, to the extent possible, in the percentage of value at which property owners are taxed. To assure that a property owner is paying his fair share of taxes, no more and no less, he should pay in accordance with the current percentages, not some arbitrary prior figure.

Further, the Board argues that the trial court erred in rendering a determination as to the 2018 tax year without evidence from the Taxpayers. This argument also is without merit. As noted above, the Board failed to introduce its own assessment records for the 2018 tax year, so it did not make out its *prima facie* case as the first step in the burden shifting process. The trial court's construction of

---

[12] *Chartiers Valley Sch. Dist. v. Bd. of Prop. Assessment, Appeals and Review*, 622 A.2d 420, 428 n.16 (Pa. Cmwlth. 1993).

7

the Chief Assessor's testimony and the parties' stipulation were to the effect that the $625,000 FMV extended to October 2017. Given the fact that the parties stipulated that a FMV of $625,000 was still valid as of October 2017, and that was the only evidence relating to the 2018 tax year, the trial court did not err in using it as the basis for its calculations for the 2018 tax year.

Finally, the Board asserts that if a taxpayer is not required to show first that the FMV has changed and an appeal is granted without such a showing, then there would be no tax uniformity because two classes of taxpayers whose properties' values remain the same, and are therefore similarly situated, would be created: the taxpayer who filed an appeal to get a new CLR and the one who did not. A review of the Board's appeal documents reflects that it failed to preserve a uniformity issue.[13] Moreover, there is no merit to its position. Whether property values have changed or not, the property owner who takes an appeal will always have an opportunity to enforce rights that his neighbor who sleeps on those rights cannot. Any lack of uniformity created by the neighbor's inaction is no basis to deny benefits to which the diligent taxpayer is lawfully entitled.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[13] *See* March 22, 2018, Concise Statement of Errors Complained of on Appeal at 1; R.R. at 78.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Pierce and Millicent Pierce, his wife :
: :
v. : No. 239 C.D. 2018
: :
Greene County Board of Assessment :
Appeals, Greene County, Cumberland :
Township and Carmichaels Area School :
District :
: :
Appeal of: Greene County Board of :
Assessment Appeals :

# **O R D E R**


AND NOW, this 9th day of November, 2018, the order of the Court of Common Pleas of Greene County is hereby AFFIRMED.


_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge