# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District and   :
Chichester School District,   :
               Appellants   :
  :
         v.   :
  :
Delaware County Board of Assessment  :   No. 103 C.D. 2022
Appeals and County of Delaware    :   Argued: March 7, 2023

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: April 4, 2023

The Chester Upland School District and Chichester School District (collectively, School Districts) appeal from the Delaware County (County) Common Pleas Court's (trial court) January 6, 2022 order sustaining the County Board of Assessment Appeals' (Board) preliminary objections (Preliminary Objections) to the School Districts' amended complaint (Amended Complaint), and dismissing the Amended Complaint with prejudice. The issue before this Court is whether the trial court erred and/or abused its discretion by dismissing the Amended Complaint with prejudice. After review, this Court affirms.

On March 25, 2021, the School Districts filed a declaratory judgment action. On May 10, 2021, the Board filed preliminary objections to the School Districts' complaint and the County joined therein.

On May 11, 2021, the School Districts filed the Amended Complaint seeking a judicial determination pursuant to the Declaratory Judgments Act[1] that the Board should be prohibited from actively participating in all pending cases involving the School Districts' appeals from the Board's decisions regarding either a property's value or seeking to revoke a property's real estate tax exemption. Therein, the School Districts averred they had filed multiple cases in the trial court involving appeals from 2020 Board decisions concerning either a property's assessment or seeking to revoke a property's real estate tax exemption (Appeals). The School Districts stated that they named the Board as a Respondent in the Appeals pursuant to County Civil Procedure Rule 30.[2] In addition, the School Districts declared that thereafter the Board intervened and its solicitor entered an appearance. The School Districts further alleged that in instances when the School Districts filed a Motion for Leave of Court to Permit Discovery the Board objected. The School Districts contended that upholding the Board's objections would substantially interfere with their preparation for the respective trials. Moreover, the School Districts averred that the Board has no actual interest in the outcome of any of the Appeals.

The Board filed its Preliminary Objections to the School Districts' Amended Complaint on June 1, 2021, and the County again joined. Therein, the Board alleged that the School Districts had failed to state a claim upon which relief

---

[1] 42 Pa.C.S. §§ 7531-7541.

[2] County Civil Procedure Rule 30(c), which pertains to appeals from real estate assessments, mandates:

> The petitioner shall file with the petition a certification that service in conformity with [Pennsylvania Rule of Civil Procedure (]Pa.R.C[iv.]P.[)] 440 has been made upon the Board . . . and all taxing districts or property owners affected by the appeal. A copy of this certification shall also be filed with the Court Administrator.

Rule *30(c); https://www.delcopa.gov/courts/localrules/CivilRules.pdf (last visited Apr. 3, 2023).

2

can be granted because the Consolidated County Assessment Law[3] (Assessment Law) specifically provides that the Board has the power and duty to participate in all appeals challenging the Board's decisions. The School Districts opposed the Preliminary Objections. By January 14, 2022 order, the trial court sustained the Preliminary Objections and dismissed the Amended Complaint with prejudice. The School Districts appealed to this Court.[4]

The School Districts contend that the trial court erred by sustaining the Board's Preliminary Objections because its ruling was based on its erroneous interpretation that Section 8855 of the Assessment Law, 53 Pa.C.S. § 8855, which confers on a "taxing district" the right to file an appeal from a Board decision, should be construed to treat such appeal in all ways (including the conduct of trial) as if the appeal were taken by the "taxable person" pursuant to Section 8854 of the Assessment Law, 53 Pa.C.S. § 8854.

Section 8854(a) of the Assessment Law provides, in relevant part:

> (1) Following an appeal to the board [of assessment (board)], any appellant, property owner or affected taxing district may appeal the board's decision to the court of

---

[3] 53 Pa.C.S. §§ 8801-8868.

[4] "Where a [court of common pleas] dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion." *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014). When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Because a preliminary objection in the nature of a demurrer presents a question of law, this Court's standard of review of a court of common pleas' decision to sustain a demurrer is de novo and the scope of review is plenary.

*Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (citations omitted).

common pleas in the county in which the property is located in accordance with [Section 5571 of the Judicial Code,] 42 Pa.C.S. § 5571(b)[5] (relating to appeals generally) and local rules of court.

. . . .

(6) **In any appeal by a *taxable person* from an action by the board, the board shall have the power and duty to present a prima facie case in support of its assessment, to cross-examine witnesses, to discredit or impeach any evidence presented by the taxable person, to prosecute or defend an appeal in any appellate court and to take any other necessary steps to defend its valuation and assessment**.

53 Pa.C.S. § 8854(1), (6) (emphasis added).

Section 8855 of the Assessment Law states:

**A taxing district shall have the right** to appeal any assessment within its jurisdiction **in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment**, and, in addition, may take an appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before the board or court even though it was not a party in fact. A taxing district authority may intervene in any appeal by a taxable person under [S]ection 8854 [of the Assessment Law] (relating to appeals to court) as a matter of right.

53 Pa.C.S. § 8855 (emphasis added).

---

[5] Section 5571(b) of the Judicial Code provides:

Except as otherwise provided in subsections (a) and (c) and in [S]ection 5571.1 [of the Judicial Code] (relating to appeals from ordinances, resolutions, maps, etc.), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

42 Pa.C.S. § 5571(b).

4

This Court has explained:

> A *prima facie* case is part of the burden shifting that takes place in a tax assessment appeal and requires assessment records to be introduced into evidence. Once presented, "the admission into evidence of the assessment records establishes a *prima facie* case for establishing the validity of the assessed value of a property."

*Songer v. Cameron Cnty. Bd. of Assessment Appeals*, 173 A.3d 1253, 1256 (Pa. Cmwlth. 2017) (quoting *Craftmaster Mfg., Inc. v. Bradford Cnty. Bd. of Assessment Appeals*, 903 A.2d 620, 625 (Pa. Cmwlth. 2006)). "[T]he burden then shift[s] to [the] [t]axpayers to produce sufficient competent, credible and relevant evidence to overcome the assessment's *prima facie* validity." *Songer*, 173 A.3d at 1257. This process applies whether a taxpayer or a taxing district appeals to the trial court. *See, e.g.*, *Downingtown Area Sch. Dist. v. Chester Cnty. Bd. of Assessment Appeals* (Pa. Cmwlth. No. 2182 C.D. 2014, filed Jan. 19, 2016); *Norwegian Twp. v. Schuylkill Cnty. Bd. of Assessment Appeals*, 74 A.3d 1124 (Pa. Cmwlth. 2013); *Wilson Sch. Dist. v. Bd. of Assessment Appeals of Berks Cnty.* (Pa. Cmwlth. No. 2233 C.D. 2011, filed Jan. 8, 2013).[6]

> The Pennsylvania Supreme Court has recognized:

> Assessment appeals are designed to give interested parties, such as the property owner **and any affected taxing districts**, an opportunity to challenge the property's assessment if they believe it to be in error, *see* [Section 8844(b) of the Assessment Law,] 53 Pa.C.S. §§ 8844(b), 8855, or nonuniform, *see id*. § 8854(a)(9)(ii); PA. CONST. art. VIII, § 1, or if they believe the assessment was reached improperly such as via spot reassessment.

---

[6] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Downingtown* and *Wilson* are cited for their persuasive value.

*Appeal of Coatesville Area Sch. Dist.*, 244 A.3d 373, 382 (Pa. 2021) (emphasis added).

The School Districts here concede that, pursuant to Section 8854(6) of the Assessment Law, the Board may fully participate "[i]n any appeal **by a taxable person**[.]" 53 Pa.C.S. § 8854(6) (emphasis added). However, the School Districts argue that the trial court erred because, notwithstanding that a taxing district's right to appeal shall be "in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment," there is no similar right to Board participation when **a taxing district** appeals pursuant to Section 8855 of the Assessment Law. 53 Pa.C.S. § 8855.

Specifically, the School Districts contend:

> The language of [Section] 8855 [of the Assessment Law] is clear and unambiguous. The title of [Section] 8855 [of the Assessment Law] is "<u>Appeals by taxing districts</u>." The title of [Section] 8855 [of the Assessment Law] is **limited to a taxing district's right to file an appeal of a Board decision**, **and does not extend to the manner in which a trial would be conducted in the case of an appeal of a Board decision**. The relevant words of [Section] 8855 [of the Assessment Law] state: "A taxing district shall have the right to appeal any assessment within its jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal [was] taken by a taxable person with respect to the assessment[.] . . ." **The narrow purpose for [Section] 8855 [of the Assessment Law] is to make clear that the manner of filing an appeal by a taxing district**, **the procedure for filing an appeal by a taxing district**, **and the effect of filing an appeal by a taxing district**, **would be the same for a taxing district as for a taxable person**.

School Districts' Br. at 9-10 (bold emphasis added). Thus, the School Districts insist that Section 8855 of the Assessment Law only applies to the method by which an

6

appeal is **filed** and not the procedure by which the trial court tries an assessment appeal.

> The School Districts further assert:

> The narrow purpose for [Section] 8855 [of the Assessment Law] is to make clear that the manner of **filing** an appeal by a taxing district, the procedure for **filing** an appeal by a taxing district, and the effect of **filing** an appeal by a taxing district, would be the same for a taxing district as for a taxable person.

School Districts' Br. at 10 (emphasis added).

> The School Districts reason:

> [Section] 8854(a)(1) [of the Assessment Law] applies to appeals to court generally by any party aggrieved by a Board decision, whether a taxpayer, a taxing district or another other aggrieved party. Another subsection of the same statute (namely [Section] 8854(a)(6)) [of the Assessment Law] applies only to appeals of a Board decision by a taxpayer, and enables the Board to actively participate in the court case exclusively[:] (a) when the appeal was by a taxpayer[;] and (b) when the appeal relates to an assessment. Thus[,] the statute which enables appeals by either a taxpayer or a taxing district contains a separate subsection with language which expressly limits Board involvement in the court case to[:] (a) when the appeal was by a taxpayer[;] and (b) when the appeal relates to an assessment. If the [l]egislature had wanted to allow for active Board involvement in the court case when the appeal was by a taxing district (which is expressly enabled by [Section] 8854(a)(1)) [of the Assessment Law], the [l]egislature could have stated that expressly in [Section] 8854(a)(6)[] [of the Assessment Law]. But the [l]egislature did not do so.

School Districts' Br. at 11.

The trial court rejected the School Districts' position, ruling in its opinion pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(a) (Rule 1925(a) Opinion), that "[b]oards of [a]ssessment have explicit statutory authority in

7

[Section 8854 of the Assessment Law] to participate in appeals from decisions of the courts of common pleas and may take any other necessary steps to defend its [sic] valuation and assessment." Rule 1925(a) Op. at 8.

The trial court reasoned:

The School Districts would have the trial court order the Board to stand mute when a taxing district files an appeal; however, the Assessment Law requires the same procedures with like effect be applied regardless of whether the appeal was taken by a taxable person or a taxing district. [*See*] 53 Pa.C.S. § 8855. Therefore, if a taxing district is "subject to the same procedures" as an appeal taken by a taxable person and the Board is obligated to take other necessary steps to defend its valuation and assessment, the broad, blanket preclusion requested by the School Districts is impermissible. [53 Pa.C.S. § 8855]. The treatment of a taxpayer as compared with a taxing district was examined by the [] Commonwealth Court in the context of a school district's and township's challenge to an untimely decision from a [b]oard of [a]ssessment [a]ppeals in *Richland Sch[ool] Dist[rict] v. C[ounty] of Cambria B[oard] of Assessment Appeals*, 724 A.2d 988 (Pa. Cmwlth. 1999). In *Richland*, the Commonwealth Court stated the Assessment Law itself ensures the township and school district at issue were entitled to [the] same procedural due process rights as those afforded individual taxpayers in [the] tax assessment appeal.

Additionally, the procedural requirements of an appeal require the Board's active participation at trial. At trial, the initial burden is on the Board, regardless of whether the appeal was instituted by a taxpayer or by a taxing district. The Assessment Law imbues the Board with "the power and duty" to present a *prima facie* case in support of its assessment. 53 Pa.C.S. § 8854. The trial court is the ultimate finder of fact when performing a *de novo* review in a tax assessment appeal regarding real property, and it maintains exclusive province over matters involving the credibility of witnesses and the weight afforded the evidence. *Expressway 95 Bus. Ctr., LP v. Bucks C[n]ty. Bd. of Assessment*, 921 A.2d 70 (Pa. Cmwlth. 2007);

8

[Section 518.1 of the Act of May 22, 1933, P.L. 853, *as amended*, added by the Act of December 28, 1955, P.L. 917,] 72 P.S. § 5020-518.1. ["]In a tax assessment appeal, **the burden initially is on the Board**, **which it satisfies by presenting its assessment records into evidence**.["] [*Expressway 95*, 921 A.2d] at 76 (emphasis added). ["]Once presented, a prima facie case is established of the validity of the assessed value of [the] property. *Deitch Co*[.] *v. B*[*d.*] *of Prop*[.] *Assessment*, 209 A.2d 397 (Pa. 1965); *Koppel Steel Corp*[.] *v. B*[*d.*] *of Assessment Appeals of Beaver C*[*nty.*], 849 A.2d 303 (Pa. Cmwlth. 2004).["] [*Expressway 95*, 921 A.2d at 76.]

Rule 1925(a) Op. at 9-10 (citations and footnotes omitted).

The trial court concluded:

In all cases[,] the Board is required to present a *prima facie* case in support of its assessment and to participate actively in appeals. Indeed, the statutes and caselaw cited above set[] forth the established order of proof in any assessment appeal. The Board is required to first establish a *prima facie* case by entering the assessment record into evidence. The [Board] will typically present the Assessment Manager for purposes of entering the assessment record as a *prima facie* case. This mandatory procedure establishes the assessment at issue and triggers the burden shift to the appellant - taxpayer or taxing district. To limit the Board's participation in the appeal runs afoul of the evidentiary mandates pronounced by the Assessment Law. A blanket preclusion of the Board in any of the School Districts' appeals is, therefore, procedurally defective.

Rule 1925(a) Op. at 11-12 (citation omitted).

Importantly, Section 8855 of the Assessment Law does not use the word *filing* with respect to "appeal." 53 Pa.C.S. § 8855. The General Assembly's use of the word "appeal" is much broader and refers to more than the **filing** of the appeal. *Id*. Section 8854(a)(1) of the Assessment Law evidences this intent by directing the process for all appeals from Board decisions:

Following an appeal to the board, any appellant, property owner or affected taxing district may appeal the board's

9

decision to the court of common pleas in the county in which the property is located **in accordance with** [Section 5571(b) of the Judicial Code,] . . . **and local rules of court**.

53 Pa.C.S. § 8854(a)(1) (emphasis added). The procedural mandate in Section 8854(a)(1) of the Assessment Law is supplemented by Section 8854(a)(6) of the Assessment Law's general reference to the *right* to appeal and further directive that *the appeal* shall proceed "**in the same manner**, **subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment**[.]" 53 Pa.C.S. § 8855 (emphasis added). Given Section 8854(a)(1) of the Assessment Law's language directing the procedural process for the filing of Board appeals, reading the language in Section 8854(a)(6) of the Assessment Law to apply to filing only, would render such language superfluous. Further, nothing in Section 8854(a)(6) of the Assessment Law's language reflects a legislative intent to limit its directive only to the **filing** of the appeal rather than to the entire appeal process.[7] For this reason, and those explained in the trial court's well-reasoned Rule 1925(a) Opinion, this Court concludes that the trial court properly sustained the Board's Preliminary Objections and dismissed the School Districts' Amended Complaint.

---

[7] The School Districts assert that "even if a court should construe the language of [Section 8855 of the Assessment Law] to allow active Board involvement in court cases for Board decision appeals by a taxing district, [Section 8855 of the Assessment Law] expressly would limit such involvement to appeals involving the assessment." School Districts' Br. at 14. This Court has explained that

> [u]sually, the taxpayer bears the burden of establishing a tax exemption under the rule that all property is subject to real estate taxes. Generally, the taxing authority's admission of the tax assessment record into evidence establishes a *prima facie* case for taxability, and it is the taxpayer's burden to overcome the validity of the tax assessment with competent, relevant evidence.

*Norwegian Twp.*, 74 A.3d at 1128-29 (citation omitted). Thus, claims for exemption are part of assessment cases, and "appeals involving . . . assessment[s]" include exemption claims. School Districts' Br. at 14. Accordingly, the School Districts' argument fails.

10

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this matter.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Upland School District and : <br>
Chichester School District, : <br>
           Appellants : <br>
            : <br>
      v. : <br>
            : <br>
Delaware County Board of Assessment :   No. 103 C.D. 2022 <br>
Appeals and County of Delaware : <br>

# O R D E R

AND NOW, this 4th day of April, 2023, the Delaware County Common Pleas Court's January 6, 2022 order is affirmed.


_____ <br>
ANNE E. COVEY, Judge